IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOMINIC OLIVEIRA,　　　　　　　　　　　　Civil Action No.
on his own behalf and
on behalf of all others similarly situated,

      Plaintiff,

v.

NEW PRIME, INC.

      Defendant.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Class and Collective Action Complaint for unpaid wages against the above-listed Defendant.

### STATEMENT OF THE CASE

1. Plaintiff Dominic Oliveira and those similarly situated are currently, or were formerly, employed by Defendant New Prime, Inc. ("Prime") and, in many weeks, were paid less than minimum wage for each hour of work.

2. In addition, Plaintiff Oliveira and those similarly situated were labeled by Defendant Prime as "independent contractors" but were in reality employees of Defendant Prime and were often paid less than minimum wage for each hour of work.

3. The Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and Missouri statutes related to wages and hours by failing to pay minimum wage for all hours worked in each workweek when due.

4. The Defendant's violations of the Fair Labor Standards Act and Missouri's labor laws were willful, malicious and deliberate.

5. Plaintiff Oliveira seeks compensation for the Defendant's violations of the Fair Labor Standards Act and Missouri's minimum wage laws, on his own behalf and on behalf of all other similarly situated current and former employees (including those employees misclassified as independent contractors) of Defendant.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Oliveira is currently a resident of Oxford County, Maine. At various times throughout his employment (as both a standard employee and as an employee misclassified as an independent contractor) Plaintiff Oliveira was a resident of Worcester County, Massachusetts.

7. Plaintiff Oliveira was employed by the Defendant at various times from approximately March 2013 through approximately June 2014 and, again, for a brief period in the fall of 2014.

8. Plaintiff Oliveira was employed by the Defendant Prime, though classified as an independent contractor, from approximately May 2013 through approximately June 2014. Plaintiff Oliveira's FLSA Consent to Sue is annexed hereto as Exhibit 1.

9. Defendant Prime is a registered Missouri business corporation with a principal business address of 2740 North Mayfair, Springfield, MO 65803. At all relevant times, Defendant Prime was doing business in the Commonwealth of Massachusetts.

10. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 because this case arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

11. Plaintiff requests that this Court exercise supplemental jurisdiction over their claims under the laws of Missouri, pursuant to 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2): the Plaintiff was permanently domiciled in Massachusetts when he was first employed, at various times while working for the Defendant he was in Massachusetts, and the Defendant conducts substantial business in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

13. Defendant Prime hired Plaintiff Oliveira and all others similarly situated as employees or employees misclassified as independent contractors.

14. Defendant Prime has over $500,000 in gross receipts per year.

15. Defendant Prime hired Plaintiff Oliveira and all others similarly situated to transport goods in interstate commerce.

16. Defendant Prime employed two or more people, including the named Plaintiff, to handle and work on materials that move in interstate commerce.

## DEFENDANT PRIME FAILS TO PAY FOR TIME SPENT TRAINING

17. Plaintiff Oliveira began his training to work for Defendant Prime in or about March 2013.

18. Plaintiff Oliveira and all others similarly situated were not paid by Defendant Prime for time they spent training for employment.

19. Defendant Prime effectively guaranteed employment to Plaintiff Oliveira and all others similarly situated upon successful completion of Defendant Prime's training program.

20. After concluding his training program, and as promised, Plaintiff Oliveira was hired by Defendant Prime as a regular employee on or about March 2013.

21. Defendant Prime made unjustified, unpredictable and poorly explained deductions from the paychecks of Plaintiff Oliveira. Upon information and belief, Defendant Prime made

3

identical or similar deductions from the paychecks of other employees similarly situated to Plaintiff Oliveira. In many weeks these deductions brought the pay of Plaintiff Oliveira and those similarly situated under the statutory minimum wage for each hour worked.

22. Upon termination of Plaintiff Oliveira's employment with Defendant Prime, Defendant Prime intentionally and unlawfully made significant deductions from pay that Defendant Prime owed Plaintiff Oliveira and upon information and belief Defendant prime made similar deductions from many other workers in the final paychecks.

23. The employment contract between Defendant Prime and Plaintiff Oliveira terminated in or around May 2013.

## **DEFENDANT PRIME MISCLASSIFIES EMPLOYEES AS INDEPENDENT CONTRACTORS**

24. Plaintiff Oliveira worked for Defendant Prime with the label of "independent contractor" from approximately May 2013 to June 2014.

25. Plaintiff Oliveira's job responsibilities as a regular Prime employee and as an employee misclassified as an independent contractor were substantially similar.

26. Defendant Prime exercised operational and actual control over Plaintiff Oliveira and all others similarly situated that it labeled as independent contractors through, among other things, either directly or indirectly controlling drivers' scheduling, vacations, home time, requiring drivers to take Prime training courses and follow Prime procedures, effectively requiring drivers take certain shipments, and rendering drivers unable to work for other trucking and/or shipping companies. These drivers perform the essential function of Prime's transport business, Prime has the ability to hire and fire them, Prime controlled the manner and rate of pay, kept all pay records, and effectively controlled their schedule through its dispatch and QUALCOMM system.

27. Defendant Prime intentionally and unlawfully made significant deductions from pay that Defendant Prime owed Plaintiff Oliveira upon the termination of his employment as a misclassified independent contractor.

28. Defendant Prime made unjustified, unpredictable, and poorly explained deductions from the paychecks of Plaintiff Oliveira. Upon information and belief, Defendant Prime made similar or identical deductions from the paychecks of employees misclassified as independent contractors similarly situated to Plaintiff Oliveira. In many weeks, these deductions brought his pay under the FLSA and Missouri statutory minimum wage for each hour worked.

## DEFENDANT PRIME INTENTIONALLY AND UNLAWFULLY DENIES PLAINTIFF OLIVEIRA STATUTORY MINIMUM WAGES

29. Plaintiff Oliveira rejoined Defendant Prime as an employee in the fall of 2014.

30. Plaintiff Oliveira's job was substantially similar to when he was previously employed (both as an employee and labeled an independent contractor") by Prime.

31. At all times Plaintiff Oliveira was an employee of Defendant Prime, Defendant Prime intentionally and unlawfully paid Plaintiff Oliveira and all others similarly situated an amount less than the statutory minimum wage for each hour of work.

32. Defendant Prime made unjustified, unpredictable, and poorly explained deductions from Plaintiff Oliveira's paychecks. Upon information and belief, Defendant Prime made identical or similar deductions from the paychecks of other employees similarly situated to Plaintiff Oliveira. In many weeks, these deductions brought the pay of Plaintiff Oliveira and those similarly situated under the statutory minimum wage for each hour worked.

33. Upon termination of Plaintiff Oliveira's employment with Defendant Prime, Defendant Prime intentionally and unlawfully made significant deductions from pay owed to

Plaintiff Oliveira in his final paycheck. Upon information and belief, Defendant Prime made similar deductions from many other workers in the final paychecks.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff Oliveira asserts his Count I claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

35. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the following classes:

**216(b) Class:** ALL CURRENT AND FORMER EMPLOYEES OF DEFENDANTS WHO WERE NOT COMPENSATED AT LEAST STATUTORY MINIMUM WAGE IN EACH WEEK

**216(b) Misclassification Subclass:** ALL CURRENT AND FORMER EMPLOYEES MISCLASSIFIED AS INDEPENDENT CONTRACTORS OF DEFENDANTS WHO WERE NOT COMPENSATED AT LEAST STATUTORY MINIMUM WAGE IN EACH WEEK

36. All potential 216(b) Class and 216(b) Misclassification Subclass Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant, including:

   a. Improperly making significant deductions from class members' paychecks; and

   b. Failing to pay class members at least statutory minimum wage for each hour of work as mandated by the FLSA.

## RULE 23 CLASS ALLEGATIONS

37. The named Plaintiff asserts his Counts II - III claims as a Fed. R. Civ. P. 23 class action on their own behalf and on behalf of a class for which Plaintiff seeks certification.

6

38. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the following classes:

**Minimum Wage Class:** ALL CURRENT AND FORMER EMPLOYEES OF DEFENDANTS WHO WERE NOT COMPENSATED AT LEAST STATUTORY MINIMUM WAGE

**Minimum Wage Misclassification Subclass:** ALL CURRENT AND FORMER EMPLOYEES MISCLASSIFIED AS INDEPENDENT CONTRACTORS OF DEFENDANTS WHO WERE NOT COMPENSATED AT LEAST STATUTORY MINIMUM WAGE

39. Upon information and belief, Defendant Prime did not pay the putative Minimum Wage Class and Minimum Wage Misclassification Subclass members the statutory minimum wage for all hours of work in many workweeks.

40. The class is so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of each of the classes since that information is within the control of Defendants.

41. The named Plaintiff estimates that there are thousands of similarly situated people. Defendant Prime operates nationally and hires individuals, as both employees and "independent contractors," from the entirety of the continental United States.

42. Based on the number of employees (and employees misclassified as independent contractors) and the national range of Defendant Prime's business, the named Plaintiff therefore estimates that the class is made up of thousands of current and former employees (and former employees misclassified as independent contractors) of Defendant Prime. The exact size of the class will be ascertainable from Defendant Prime's records.

43. There are questions of law or fact common to the classes that predominate over any individual issues that might exist. Common questions of law and fact include: whether Defendants paid their employees at least minimum wage; whether Defendant Prime improperly

failed to pay their former employees (and former employees misclassified as independent contractors) all wages due upon their termination.

44. The class claims asserted by the Plaintiff are typical of the claims of all of the potential class members. This is an uncomplicated case of unpaid wages that should be mathematically ascertainable from business and computer tracking records and the class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

45. The named Plaintiff will fairly and adequately protect and represent the interests of each class. He was both an employee misclassified as an independent contractor of Defendant Prime and a standard correctly classified employee of Defendant Prime and was a victim of the same violations of law as other class members, i.e., the failure to compensate employees (and employees misclassified as independent contractors) with the statutory minimum wage for each hour of work.

46. The named Plaintiff is represented by counsel experienced in wage and hour litigation and class actions.

47. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential Class Members that would establish incompatible standards of conduct for Defendants.

48. Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the

pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

49. The Plaintiff is unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

50. The Plaintiff is unaware of any pending litigation commenced by members of any of the classes concerning the instant controversy.

51. It is desirable to concentrate this litigation in one forum.

52. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

53. The contours of the class will be easily defined by reference to the payroll documents Defendant Prime was legally required to create and maintain, pursuant to FLSA and its regulations, including 29 C.F.R. § 516.2. Notice will be easily distributed as all members of the putative class are or were recently employed (and may have been misclassified as independent contractors) by Defendant Prime, who was required to create and maintain records containing the mailing addresses of each such class member.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 28 U.S.C. §§ 201 ET SEQ

54. The Plaintiff re-alleges and incorporates by reference all previous paragraphs of the Complaint as if fully rewritten herein.

55. The named Plaintiff asserts this claim on behalf of himself, the 216(b) Class and the 216(b) Misclassification Subclass, pursuant to 29 U.S.C. § 216(b).

56. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by all Defendant as defined by 29 U.S.C. § 203(g).

57. The Defendant failed to pay the Plaintiff, the 216(b) Class, and the 216(b) Misclassification Subclass the statutory minimum wage for each hour of work.

58. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendant in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

59. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person.

60. The Defendant had annual gross revenues in excess of $500,000 and employed two or more persons, including the named Plaintiff, who handled and worked on materials which had been moved in interstate commerce.

61. The Plaintiff and all others similarly situated are individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce.

62. The Defendant failed to pay the Plaintiff and all others similarly situated the minimum wage required by the FLSA.

63. The Plaintiff, the 216(b) Class, and the 216(b) Misclassification Class are entitled to unpaid minimum wage, unpaid overtime wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

### COUNT II:
### BREACH OF MISSOURI MINIMUM WAGE LAW, MO. REV. STAT. § 290 (2014)

64. Plaintiff incorporates all previous paragraphs.

65. The named Plaintiff asserts this claim on behalf of himself, the Minimum Wage Class, and the Minimum Wage Misclassification Subclass.

66. Plaintiff and those similarly situated are "employees" and Defendant Prime is an "employer" as those terms are defined in Mo. Rev. Stat. § 290.500 *et seq.* (2014).

67. Defendant Prime, in violation of Mo. Rev. Stat. § 290.502 (2014), failed to compensate the named Plaintiff and those similarly at the statutory minimum wage for each hour worked in many workweeks.

68. The Plaintiff, the Minimum Wage Class, and the Minimum Wage Misclassification Subclass are entitled to unpaid minimum wage, liquidated damages, attorneys' fees and costs pursuant to Mo. Rev. Stat. § 290.527 (2014).

## COUNT III:
## BREACH OF CONTRACT OR UNJUST ENRICHMENT/QUASI-CONTRACT

69. The Plaintiff incorporates all previous paragraphs.

70. The Plaintiff asserts this claim on behalf of himself and all classes.

71. The Defendant entered into an employment agreement with the named Plaintiff and those similarly situated.

72. This agreement incorporated all applicable state and federal laws, including those setting a minimum wage in the several states.

73. The wage term in the contract is illegal and void. It must be replaced in quantum meruit at the reasonable value of the Plaintiff's labor, or alternatively, at minimum wage.

74. The Defendant breached this contract by failing to pay all wages due.

75. The Defendant owes damages in law and equity, or alternatively, must be disgorged from his ill-gotten gains.

## COUNT IV:
## VIOLATIONS OF MAINE LABOR LAWS

76. The Plaintiff incorporates all previous paragraphs.

77. The Plaintiff asserts this claim individually.

78. In the final period of employment, the Plaintiff was employed in Maine.

79. He was not paid the statutory minimum wage in every week including his final paycheck.

80. He was not paid all wages due upon termination.

81. Therefore, he is entitled to actual and liquidated damages, statutory interest, and costs under Me. Rev. Stat. Ann. tit. 26, §7-621-A, §7-626, §7-626-A, and §7-664 -§7-670.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court enter an order or orders:

a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*;

b. That appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the 216(b) Class and the 216(b) Misclassification Subclass;

c. Awarding the Plaintiff and the 216(b) Class and the 216(b) Misclassification Subclass unpaid minimum wage, pursuant to 29 U.S.C. §§ 206 and 216;

d. Awarding the Plaintiff and the 216(b) Class costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

e. That the court certify this as action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

f. That appropriate notice of this suit be provided to all potential members of the Minimum Wage Class and the Minimum Wage Misclassification Subclass;

g. Awarding the named Plaintiff, the Minimum Wage Class, and the Minimum Wage Misclassification Subclass damages, liquidated damages and penalties pursuant to Missouri Statutes §§ 290.505 and 290.527 and any other statutory damages available to former employees under § 290.110 or otherwise;

h. Awarding the named Plaintiff, the 216(b) Class and the 216(b) Misclassification Subclass, the Minimum Wage Class, and the Minimum Wage Misclassification Subclass punitive damages;

i. Awarding the named Plaintiff, the Minimum Wage Class, and the Minimum Wage Misclassification Subclass damages for the breach of contract or unjust enrichment;

j. Awarding the Plaintiff actual and liquidated damages, statutory interest, and costs under M.R.S. Title 26 §§ 621, 626, 626A, and 664-70; and

k. Granting such other relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Hillary S. Cheng
Hillary S. Cheng, Esq.
MA BBO# 692297*
Andrew Schmidt Law, PLLC
131 DW Hwy #434
Nashua NH 03060
603-546-8452
hillary@maineworkerjustice.com
*Motion for Admission enclosed.

Dated: March 2, 2015

13