# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| DOMINIC OLIVEIRA, <br> on his own behalf and <br> on behalf of all others similarly situated, <br><br>     Plaintiff, <br> v. <br><br> NEW PRIME, INC., <br><br>     Defendant. | Civil Action No. 1:15-cv-10603-PBS |

---

## DEFENDANT NEW PRIME, INC.'S MOTION TO DENY CERTIFICATION OF CLASS/COLLECTIVE ACTION

Defendant New Prime, Inc. ("Prime") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 23 and Section 216(b) of the Fair Labor Standards Act, for an order denying certification of the proposed class and the proposed collective. This Motion is based upon this Motion, the attached Memorandum in Support of Motion to Deny Certification of Class/Collective Action ("Memorandum"), the papers on file in this case, any oral argument that may be heard by the Court, and any other matters this Court deems appropriate.

Pursuant to Rule 7.1, counsel for New Prime certifies that they have conferred in good faith with counsel for Plaintiff regarding the subject matter of this agreement but have been unable to resolve the issues presented.

**REQUEST FOR ORAL ARGUMENT:** New Prime respectfully requests that this motion be heard at the status conference currently scheduled for February 27, 2018, at 2:30 p.m., or at the Court's earliest convenience thereafter.

Respectfully Submitted,

NEW PRIME, INC.,

By its attorneys,


/s/ Joshua S. Lipshutz
Jason C. Schwartz*
(VA #43635; DC #465837;
MD #201006080003)
jschwartz@gibsondunn.com
Joshua S. Lipshutz (BBO #675305)
jlipshutz@gibsondunn.com
Amanda C. Machin*
(DC #1008932; VA #82364)
amachin@gibsondunn.com
Stephanie E. Pearl (BBO #693941)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

Theodore J. Boutrous, Jr.*
(CA #132099; DC #420440; NY #518550)
tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000


*Admitted pro hac vice


Dated: January 23, 2018

# TABLE OF CONTENTS

Page

FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 2

LEGAL STANDARD .......................................................................................................... 5

ARGUMENT ...................................................................................................................... 6

I.       Oliveira Cannot Satisfy the Requirements of Rule 23 and Therefore Neither Class
         Nor Collective Treatment Is Appropriate. ........................................................... 8

         A.      Oliveira Cannot Satisfy Rule 23(a)'s Numerosity Requirement. ........................ 10

         B.      The Arbitration Provisions of Absent Class Members Destroy
                 Typicality and Render Oliveira an Inadequate Representative ............................ 11

         C.      Oliveira Cannot Satisfy the Commonality Requirement of Rule 23(a),
                 the Predominance or Superiority Requirements of Rule 23(b), or the
                 "Similarly Situated" Requirement of 29 U.S.C. § 216(b) .................................... 14

II.      Oliveira Is Bound by an Enforceable Waiver of Class and Collective Claims. ............... 17

CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n,*
   149 F. Supp. 3d 1 (D.D.C. 2015) ......................................................................12

*Am. Express Co. v. Italian Colors Rest.,*
   570 U.S. 228 (2013) .......................................................................................1, 5

*Am. Sur. Co. v. Baldwin,*
   287 U.S. 156 (1932) ........................................................................................15

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997) .....................................................................................5, 14

*AT&T Mobility, LLC v. Concepcion,*
   563 U.S. 333 (2011) ........................................................................................16

*Avilez v. Pinkerton Gov. Servs., Inc.,*
   596 F. App'x. 579 (9th Cir. 2015) .............................................................6, 12, 13

*Balasanyan v. Nordstrom, Inc.,*
   294 F.R.D. 550 (S.D. Cal. Aug. 12, 2013) ........................................................9, 10

*Baum v. Am.'s Servicing Co.,*
   No. 12-CV-00310-H BLM, 2012 WL 1154479 (S.D. Cal. Apr. 5, 2012)..............................13

*Bekele v. Lyft, Inc.,*
   199 F. Supp. 3d 284 (D. Mass. 2016) ...................................................................17

*Champ v. Siegel Trading Co.,*
   No. 89 C 7148, 1990 WL 19984 (N.D. Ill. Feb. 27, 1990)............................................6, 9, 10

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC,*
   No. 12-CV-04000-EMC, 2016 WL 1048046 (N.D. Cal. Mar. 11, 2016)...............................13

*Comcast Corp. v. Behrend,*
   569 U.S. 27 (2013).......................................................................................4, 5, 14

*Conde v. Open Door Mktg., LLC,*
   223 F. Supp. 3d 949 (N.D. Cal. 2017) .................................................................13

*Douglas v. Talk Am. Inc.,*
   No. CV 06-3809 GAF (RCX), 2009 WL 10669481 (C.D. Cal. Mar. 10, 2009) ....................16

*E. Tex. Motor Freight Sys., Inc. v. Rodriguez*,
    431 U.S. 395 (1977)......................................................................................11, 13

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ...............................................................................11

*Gen. Tel. Co. of the Nw. v. Equal Emp't Opportunity Comm'n*,
    446 U.S. 318 (1980)...............................................................................................9

*Grossman v. Thoroughbred Ford, Inc.*,
    297 S.W.3d 918 (Mo. App. 2009) ...................................................................8, 15

*Hanlon v. Chrysler*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................11

*Johnson v. Nextel Commc'ns Inc.*,
    780 F.3d 128 (2d Cir. 2015).................................................................................5

*King v. Capital One Bank (USA), N.A.*,
    No. 3:11-cv-00068, 2012 WL 5570624 (W.D. Va. Nov. 15, 2012).........6, 9, 10, 13

*Kirkpatrick v. J.C. Bradford & Co.*,
    827 F.2d 718 (11th Cir. 1987) .........................................................................9, 10

*Lindsey v. Normet*,
    405 U.S. 56 (1972)...............................................................................................15

*McLaughlin v. Am. Tobacco Co.*,
    522 F.3d 215 (2d Cir. 2008)................................................................................15

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001)................................................................................15

*Oliveira v. New Prime, Inc.*,
    141 F. Supp. 3d 125 (D. Mass. 2015) ...............................................................3, 4

*Oliveira v. New Prime, Inc.*,
    857 F.3d 7 (1st Cir. 2017)......................................................................................4

*Pablo v. Serv. Master Global Holdings, Inc.*,
    No. C 08-03894 SI, 2011 WL 3476473 (N.D. Cal. Aug. 9, 2011)....................6, 10

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ................................................................................5

*Quinlan v. Macy's Corp. Services*,
No. CV 12-00737, 2013 WL 11091572 (C.D. Cal. Aug. 22, 2013) ........................................ 12

*Renton v. Kaiser Found. Health Plan, Inc.*,
No. C00-5370RJB, 2001 WL 1218773 (W.D. Wash. Sept. 24, 2001) ................... 7, 12, 13, 17

*Smith v. Bayer Corp.*,
564 U.S. 299 (2011) ........................................................................................................ 8, 11

*Stephens v. U.S., U.S. Postal Serv.*,
No. 73 CIV. 1559, 1974 WL 10721 (S.D.N.Y. Feb. 4, 1974) ................................................ 13

*Tan v. Grubhub, Inc.*,
No. 15-CV-05128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016) .............................. 6, 10

*Tigges v. AM Pizza, Inc.*,
Nos. 16-cv-10136-WGY, 16-10474-WGY, 2016 WL 4076829 (D. Mass.
July 29, 2016) ...................................................................................................................... 17

*Till v. Saks Inc.*,
No. 11-cv-00504, 2013 WL 5755671 (N.D. Cal. Sept. 30, 2013) ........................................ 6, 9

*In re Titanium Dioxide Antitrust Litig.*,
962 F. Supp. 2d 840 (D. Md. 2013) ......................................................................... 6, 13, 14, 15

*Trezvant v. Fidelity Emp'r Servs. Corp.*,
434 F. Supp. 2d 40 (D. Mass. 2006) ................................................................................... 6, 16

*Tschudy v. JC Penney Corp.*,
No. 3:11-cv-01011-JM-KSC, 2015 WL 8484530 (S.D. Cal. Dec. 9, 2015) .......................... 13

*Vassalle v. Midland Funding LLC*,
708 F.3d 747 (6th Cir. 2013) ............................................................................................... 11

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) ................................................................................................. 5

*In re Volkswagen and Audi Warranty Extension Litig.*,
273 F.R.D. 349 (D. Mass. 2011) ........................................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ................................................................................ 1, 4, 5, 9, 11, 14

*Walthour v. Chipio Windshield Repair, LLC,*
745 F.3d 1326 (11th Cir. 2014) ............................................................17

*Zieger v. Advance Am. Cash Advance Ctrs., Inc.,*
No. 13-1614-GMS, 2014 WL 7388365 (D. Del. Dec. 29, 2014) ...........10

**Statutes**

29 U.S.C. § 216(b) ..............................................................................6, 9

Mo. Stat. § 435.350 ..................................................................................8

Mo. Stat. § 435.355(1) .............................................................................8

**Rules**

Fed. R. Civ. P. 23(a)(1) ............................................................................9

Fed. R. Civ. P. 23(a)(2) ..........................................................................14

Fed. R. Civ. P. 23(a)(3)–(4) ...................................................................11

Fed. R. Civ. P. 23(b)(3) ..........................................................................14

Fed. R. Civ. P. 23(c)(1)(A) .......................................................................5

**Other Authorities**

*Newberg on Class Actions* § 3:47 (5th ed. 2017) ..................................11

## DEFENDANT NEW PRIME, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DENY CERTIFICATION OF CLASS/COLLECTIVE ACTION

Plaintiff contends that New Prime waived its right to compel arbitration of his claims under Missouri law because of the actions New Prime has taken in this litigation. *See* Dkt. 100, at 4 (Plaintiff's statement). But even if that were true, there can be no question that New Prime has *not* waived its right to compel arbitration of the claims of putative class members—individuals who are not, and have never been, parties to this case. Under these circumstances, Plaintiff is an atypical and inadequate class representative who cannot meet Rule 23's "stringent requirements for certification." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") (citation omitted). In light of the large number of class members who agreed to be bound by an arbitration agreement, a class or collective proceeding is also an *inferior* vehicle through which to resolve this dispute. Moreover, Plaintiff has argued to this Court that the enforceability of arbitration agreements under Missouri law is a highly fact-intensive question; if that is true, then Plaintiff also cannot satisfy Rule 23(a)'s commonality requirement, let alone Rule 23(b)'s predominance requirement. For these and the additional reasons set forth below, New Prime respectfully requests that this Court exercise its broad discretion to resolve the class-certification issue at this "early practicable time," and

preemptively deny certification of a class under Rule 23 or a collective action under 29 U.S.C. § 216(b).[1]

## FACTUAL AND PROCEDURAL BACKGROUND

From approximately March 2013 through approximately September 2014, Plaintiff Dominic Oliveira was a long-haul truck driver for New Prime and, by his own admission, was classified as an independent contractor throughout this period (after he completed several weeks of training). Dkt. 33 (Amended Complaint) ¶¶ 8, 37, 55. For a brief period in the fall of 2014, Oliveira worked for New Prime again, but was classified as an employee and hauled loads over shorter distances. *Id.* ¶¶ 55-57.

On May 31, 2013, Oliveira entered into an Independent Contractor Operating Agreement ("Contractor Agreement") with New Prime. Dkt. 36-1. On March 12, 2014, Oliveira entered into another, substantively identical Contractor Agreement. Dkt. 36-2. New Prime enters into written agreements with all of its independent contractors, but the terms of those agreements are negotiable. *See* Field Decl. ¶ 3. Independent contractors can and do negotiate for changes to the terms that New Prime typically proposes. *Id.* ¶¶ 3-4.

In both Contractor Agreements, Oliveira and New Prime mutually agreed to a "Governing Law and Arbitration" provision that stated, "Any disputes arising under, arising out of or relating to this agreement, including an allegation of breach thereof, and any disputes arising out of or relating to the relationship created by the agreement, and any disputes as to the rights and obligations of the parties" shall be resolved by arbitration. Dkt. 36-1 ¶ 30

---

[1] Should the Court deny New Prime's motion at this time, New Prime expressly reserves the right to contest again certification of a class or collective action on any and all grounds, at an appropriate later date.

(capitalization omitted); Dkt. 36-2 ¶ 30 (same). Furthermore, "the Parties specifically agree[d] that no dispute may be joined with the dispute of another and agree[d] that class actions under this arbitration provision are prohibited." Dkt. 36-1 ¶ 30 (capitalization omitted); Dkt. 36-2 ¶ 30 (same). The arbitration provision, like all the provisions in the agreement, are negotiable. *See* Field Decl. ¶ 4. However, all independent-contractor agreements between New Prime and drivers during the time period at issue in this case contain language substantially similar to the language in Oliveira's agreements. *Id.* ¶ 5.

Notwithstanding his agreement to arbitrate any disputes with New Prime, Oliveira filed a complaint in federal court on March 4, 2015 (Dkt. 1), which was amended on July 6, 2015 (Dkt. 33). First, the amended complaint alleges that New Prime violated the Fair Labor Standards Act ("FLSA"). Dkt. 33 ¶¶ 84-93. The crux of that claim is that Oliveira believes he was misclassified as an independent contractor, which he alleges resulted in him failing to receive the statutory minimum wage. *Id.* ¶ 75. For his FLSA claim, Oliveira seeks to represent a collective of "all current and former employees that drove for the defendant, whether or not categorized as employees, trainees, or independent contractors who were not compensated for all training time, paid by the mile without regard to hours worked and/or had improper deductions taken from their paychecks." *Id.* ¶¶ 65, 68.

Similarly, the complaint alleges that New Prime violated Missouri minimum wage law, *id.* ¶¶ 94-98, and asserts a breach of contract or unjust enrichment/quasi-contract claim based on

the alleged failure to pay all wages due, *id.* ¶¶ 99-105. Oliveira asserts those claims "on behalf of a class" that is co-extensive with the putative FLSA collective. *Id.* ¶¶ 67-68.[2]

New Prime moved to compel arbitration of these claims under the Federal Arbitration Act ("FAA"), which this Court denied without prejudice. *See Oliveira v. New Prime, Inc.*, 141 F. Supp. 3d 125, 134-35 (D. Mass. 2015). Although this Court agreed with New Prime that only employment contracts—and not contracts establishing independent-contractor relationships— were exempted from the FAA, this Court ordered the parties to "conduct factual discovery" on that "threshold question of the plaintiff's status as an employee or independent contractor." *Id.* at 135. On appeal, the First Circuit took a different approach, holding that even "a transportation-worker agreement that establishes or purports to establish an independent-contractor relationship is a contract of employment" is exempt from the FAA. *Oliveira v. New Prime, Inc.*, 857 F.3d 7, 24 (1st Cir. 2017). New Prime's petition for a writ of certiorari remains pending before the U.S. Supreme Court. *See New Prime, Inc. v. Oliveira*, No. 17-340 (Sup. Ct.).

Although the parties' agreements provide for arbitration of disputes under *either* federal or Missouri law, New Prime brought its motion to compel arbitration of Oliveira's claims only under federal law. Oliveira contends that because New Prime waived its right to compel arbitration under Missouri law because it did not raise Missouri law in its motion to compel arbitration. *See, e.g.*, Br. Opp. Pet. Cert. at 29 n.13, *New Prime, Inc. v. Oliveira*, No. 17-340, (Sept. 1, 2017), 2017 WL 6018212 (U.S.).

---

[2]    Oliveira also "asserts [a] claim individually" for violation of Maine labor laws. Dkt. 33 ¶¶ 106-112. Because that claim is not asserted on behalf of a class or collective, it is not the subject of the current motion.

## LEGAL STANDARD

Class Actions:  The class action "is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citations omitted).

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."  *Dukes*, 564 U.S. at 349.  "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Id*. at 348-49 (quotation marks and citation omitted).  Rule 23(a)'s four threshold "requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."  *Id*. at 349 (quotation marks and citation omitted).  Those requirements are "stringent" and "exclude most claims."  *Italian Colors Rest.*, 570 U.S. at 234.

In addition, a party seeking certification must also satisfy at least one of Rule 23(b)'s provisions.  *Comcast*, 569 U.S. at 33.  A party seeking to maintain a class action under Rule 23(b)(3) (like Oliveira, *see* Dkt. 33, at 20, Prayer for Relief) must show that a class action is the superior method of adjudication, and that common questions predominate over individual ones.  *Comcast*, 569 U.S. at 33-34.  Rule 23(b)(3)'s predominance requirement "is far more demanding" than Rule 23(a).  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997); *accord Comcast*, 569 U.S. at 34; *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 138 (2d Cir. 2015).

Rule 23(c)(1)(A) requires that the class-certification question be resolved "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  A defendant may bring a "preemptive" motion to deny class certification if it is apparent that the plaintiff cannot meet Rule 23's requirements.

5

*See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("Rule 23(c)(1)(A) says that the district court should decide whether to certify a class 'at an early practicable time' in the litigation, and nothing in the rules says that the court must await a motion by the plaintiffs. As a result, either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)") (citation omitted); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939–40 (9th Cir. 2009) ("Nothing in the plain language of Rule 23(c)(1)(A) either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question.").

<u>Collective Actions</u>: An FLSA action "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated," but "no employee shall be a party plaintiff to any such action unless he gives consent in writing" and the consent is filed with the court. 29 U.S.C. § 216(b). When deciding whether to certify a collective action under Section 216(b), courts apply Rule 23 standards to determine if the lead plaintiff is "similarly situated" to the proposed collective. *Trezvant v. Fidelity Emp'r Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006). As with class actions, a "defendant may preemptively move to deny certification" of a collective action under the FLSA. *Till v. Saks Inc.*, No. 11-cv-00504, 2013 WL 5755671, at *9 (N.D. Cal. Sept. 30, 2013).

## ARGUMENT

If Oliveira succeeds in evading his own agreement to arbitrate his claims, he cannot satisfy Rule 23's "stringent" requirements in the face of arbitration agreements with class-action waivers that bind the absent putative class members he seeks to represent. Such provisions render him an inadequate representative of the proposed class and make his claims and defenses

atypical. *Avilez v. Pinkerton Gov. Servs., Inc.*, 596 F. App'x. 579, 579 (9th Cir. 2015). Moreover, because the putative class members are bound by an arbitration provision, the proposed class cannot satisfy Rule 23(a)'s numerosity requirement. *See, e.g.*, *Tan v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2016 WL 4721439, at *4 (N.D. Cal. July 19, 2016); *King v. Capital One Bank (USA), N.A.*, No. 3:11-cv-00068, 2012 WL 5570624, at *14 (W.D. Va. Nov. 15, 2012); *Champ v. Siegel Trading Co.*, No. 89 C 7148, 1990 WL 19984, at *7 (N.D. Ill. Feb. 27, 1990). The binding arbitration agreements and class-action waivers also destroy commonality and preclude findings of predominance and superiority. *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861–63 (D. Md. 2013); *Pablo v. Serv. Master Global Holdings, Inc.*, No. C 08-03894 SI, 2011 WL 3476473, at *3 (N.D. Cal. Aug. 9, 2011); *Renton v. Kaiser Found. Health Plan, Inc.*, No. C00-5370RJB, 2001 WL 1218773, at *9 (W.D. Wash. Sept. 24, 2001).

Because all of the putative class members in this case who were allegedly misclassified as independent contractors assented to independent-contractor agreements containing arbitration clauses and class waivers, this Court should deny certification of the proposed class and collective.

Separately, this Court should deny class and collective certification because Oliveira is bound by an agreement that waives his right to pursue claims against New Prime on a representative basis. Although the parties have an ongoing dispute regarding New Prime's ability to compel arbitration, that has no bearing on the enforceability of the class waiver in the parties' agreement.

## I.   Oliveira Cannot Satisfy the Requirements of Rule 23 and Therefore Neither Class Nor Collective Treatment Is Appropriate.

All of the drivers in the putative class who were allegedly misclassified as independent contractors are subject to arbitration agreements that require them to arbitrate on an individual basis any claims against New Prime arising out of their contractual relationship.  *See* Field Decl. ¶¶ 3-5.  These agreements are enforceable under the FAA, for the reasons set forth in New Prime's petition for a writ of certiorari (currently under review by the U.S. Supreme Court).  *See New Prime, Inc.*, No. 17-340 (Sup. Ct., filed Sep. 6, 2017).  But even if they are not, they are enforceable under Missouri law.

Under Missouri law, "a provision in a written contract, except contracts of insurance and contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."  Mo. Stat. § 435.350.  The independent-contractor agreements are not insurance agreements, and, because the terms of the agreements are negotiable (*see* Field Decl. ¶¶ 3-4), they are not contracts of adhesion.  *See Grossman v. Thoroughbred Ford, Inc.*, 297 S.W.3d 918, 922 (Mo. App. 2009) (holding that under Missouri law, even a form agreement presented in a "stapled bundle" by a car dealer to a customer "without any explanation of the contract provisions" has been found *not* to be a contract of adhesion).  And the agreements indisputably cover the kinds of claims that Oliveira has raised on behalf of the putative class.  Dkt. 36-1 ¶ 30; Dkt. 36-2 ¶ 30 ("any disputes arising under, arising out of or relating to this agreement, including an allegation of breach thereof, and any disputes arising out of or relating to the relationship created by the agreement, and any disputes as to the rights and obligations of the parties" shall be resolved by arbitration) (capitalization omitted).

Accordingly, the agreements that New Prime entered with other drivers entitle the company to compel arbitration of those drivers' claims under Missouri law. *See* Mo. Stat. § 435.355(1) ("On application of a party showing an agreement described in section 435.350, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration.").[3]

As a result, all of those drivers must be excluded from any class or collective action. *See, e.g.*, *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 725 n.5 (11th Cir. 1987) (noting that putative class members whose claims are subject to valid arbitration agreements "could not be considered members of the class"); *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 573 (S.D. Cal. Aug. 12, 2013) (holding that putative class members who signed arbitration agreements were properly excluded from the class). "Allowing plaintiff to represent individuals bound to pursue their claims in arbitration would render the arbitration clauses totally useless," and therefore a class can only consist of those who "did not sign the . . . arbitration clause." *King*, 2012 WL 5570624, at *14-15 (granting defendant's motion to strike the class allegations from the plaintiff's complaint); *see also Champ*, 1990 WL 19984, at *7 ("[A]ny class would have to be limited to persons who did not agree to arbitration."); *Till*, 2013 WL 5755671, at *9 (denying certification of an FLSA collective action because many members were subject to release of claims); Dkt. 100, at 4 (Defendant's Statement) (asserting waiver defense to potential motion to

---

3    Oliveira contends that New Prime waived its right to arbitrate *his* claims under Missouri law. But there can be no dispute that New Prime has *not* waived its right to arbitrate the disputes of absent class or collective action members, none of whom are parties to this action. *See, e.g.*, *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (rejecting as "sure[] erro[r]" the notion that an unnamed class member "is a party to the class-action litigation *before the class is certified*"). Under Missouri law, a party may move to compel arbitration only against an "opposing party" who has "refus[ed] to arbitrate." Mo. Stat. § 435.355(1). If this Court ultimately certifies a class or collective containing individuals bound by arbitration agreements with New Prime, New Prime will move to compel arbitration of their claims.

9

compel arbitration of Oliveira's claims under Missouri law).  Accordingly, Oliveira cannot

satisfy the requirements of Rule 23 or establish that he is "similarly situated" to other members

of the putative FLSA collection action.  *See* 29 U.S.C. § 216(b).

### A.  Oliveira Cannot Satisfy Rule 23(a)'s Numerosity Requirement.

Because all of the independent-contractor drivers must arbitrate their claims under

Missouri law, Oliveira's proposed class fails to satisfy Rule 23(a)'s numerosity requirement.

"[T]he class [must be] so numerous that joinder of all members is impracticable."  *Dukes*, 564

U.S. at 345 (citing Fed. R. Civ. P. 23(a)(1)); *see, e.g.*, *Gen. Tel. Co. of the Nw. v. Equal Emp't

*Opportunity Comm'n*, 446 U.S. 318, 330 (1980) (noting that a class of fifteen "would be too

small to meet the numerosity requirement" after reviewing district court decisions denying

certification on numerosity grounds).  Oliveira's allegation that "[t]he class is so numerous that

joinder of all potential class members is impracticable" is premised on the inclusion of

independent-contractor drivers, Dkt. 33 ¶ 70 (Amended Complaint), but all such drivers must be

excluded, *see, e.g.*, *Kirkpatrick*, 827 F.2d at 725 n.5; *Balasanyan*, 294 F.R.D. at 573.  Courts

regularly consider the existence of arbitration agreements when evaluating numerosity under

Rule 23(a).  *See Tan*, 2016 WL 4721439, at *4  (no numerosity where all but two putative class

members were subject to arbitration); *Zieger v. Advance Am. Cash Advance Ctrs., Inc.*, No. 13-

1614-GMS, 2014 WL 7388365, at *7 (D. Del. Dec. 29, 2014) (granting the defendant's motion

to strike the class allegations from the plaintiff's complaint because most of the putative class

members had signed an arbitration clause); *King*, 2012 WL 5570624, at *14-15 (same); *Service

*Master Global Holdings, Inc.*, 2011 WL 3476473, at *2 ("The arbitration agreements raise

concerns about whether plaintiffs will be able to satisfy Rule 23(a)'s numerosity requirement.");

*Champ* 1990 WL 19984, at *7 ("[A]ny class would have to be limited to persons who did not

agree to arbitration. An adequate showing of numerosity for such a class does not appear."). The proposed class and collective actions should not be certified because Oliveira cannot establish that they are sufficiently numerous once independent-contractor drivers are excluded.

**B.  The Arbitration Provisions of Absent Class Members Destroy Typicality and Render Oliveira an Inadequate Representative.**

Oliveira also cannot demonstrate adequacy or typicality. Oliveira has taken the position that New Prime waived the right to compel arbitration under Missouri law in this case, and that he therefore is not bound by agreement to arbitrate his claims under Missouri law. Even assuming that position is correct, his argument demonstrates why his claims or defenses are not typical of the claims or defenses of the class, such that he cannot serve as a class representative. Indeed, Oliveira's waiver arguments are predicated on New Prime's conduct *in this litigation*; none of the putative class members would be able to assert a similar waiver argument as none of them has ever been party to this litigation. *See, e.g.*, *Smith v. Bayer Corp.*, 564 U.S. 299, 312-13 (2011) (finding an unnamed member of a "proposed but uncertified class" did not "qualif[y] as a party to the . . . litigation").

To justify a departure from the "usual rule that litigation is conducted by and on behalf of the individual named parties only," *Dukes*, 564 U.S. at 348, a plaintiff must show, among other things, that the "claims or defenses of the representative parties are typical of the claims or defenses of the class" and "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4). A class representative's claims are typical only if the "class's claims are fairly encompassed in the proposed representative's situation," *Newberg on Class Actions* § 3:47 (5th ed. 2017), and the representative party must "possess the same interest and suffer the same injury as the class members." *Dukes*, 564 U.S. at 348-49

11

(citation omitted).  To be "adequate" for purposes of Rule 23(a)(4), a class representative

(1) must not have any conflicts of interest with the proposed class; and (2) must prosecute the

action vigorously on behalf of the class.  *In re Volkswagen and Audi Warranty Extension Litig.*,

273 F.R.D. 349, 353 (D. Mass. 2011); *see also E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431

U.S. 395, 403 (1977) ("[A] class representative must be part of the class and possess the same

interest and suffer the same injury as the class members.") (internal quotation marks omitted);

*Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013); *Hanlon v. Chrysler*, 150

F.3d 1011, 1020 (9th Cir. 1998).  "Adequate representation depends on, among other factors, . . .

a sharing of interest between representatives and absentees."  *Ellis v. Costco Wholesale Corp.*,

657 F.3d 970, 985 (9th Cir. 2011) (internal citations omitted).  Here, Oliveira cannot satisfy *any*

of these requirements because he is in a unique position compared to other class members who

signed arbitration agreements and, unlike Oliveira, have not yet refused to comply with those

agreements.

In *Avilez v. Pinkerton Gov. Servs., Inc.*, 596 F. App'x. 579 (9th Cir. 2015), the Ninth

Circuit held that a named plaintiff who is not subject to a class-action waiver cannot meet Rule

23(a)'s typicality and adequacy requirements when she seeks to represent putative class members

who are subject to a class-action waiver.  *Id*. at 579.  As the Ninth Circuit explained, such a

plaintiff "is not an adequate representative . . . and her claim lacks typicality . . . [because] those

who signed [class-action] waivers have potential defenses that [plaintiff] would be unable to

argue on their behalf."  *Id.*

District courts throughout the country also "have held that a plaintiff's claims are not

typical of a potential class when the plaintiff is not required to arbitrate but potential class

members are."  *Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n,* 149 F. Supp. 3d 1, 10 (D.D.C. 2015).

12

For example, in *Quinlan v. Macy's Corp. Services*, No. CV 12-00737, 2013 WL 11091572 (C.D. Cal. Aug. 22, 2013), the court declined to certify a class because the plaintiff was not subject to an arbitration agreement, whereas more than 90% of the purported class members were "enrolled in a binding arbitration program." *Id.* at *3. The court determined that this difference alone "renders [the plaintiff] atypical of the vast majority of the purported class members." *Id.*

Similarly, in *Renton v. Kaiser Found. Health Plan, Inc.*, No. C00-5370RJB, 2001 WL 1218773 (W.D. Wash. Sept. 24, 2001), the Court denied the plaintiff's motion for certification of a class of individuals who had participated in health plans offered by the defendant, finding that the named plaintiff was not typical of the proposed class members. *Id.* at *7. The Court reasoned that "the named plaintiff . . . stands in a different position legally than many class members" because "[u]nlike many class members, [the plaintiff] was not subject to an arbitration agreement[.]" *Id.*; *see also, e.g.*, *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 957-58 (N.D. Cal. 2017); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-EMC, 2016 WL 1048046, at *9 (N.D. Cal. Mar. 11, 2016); *Tschudy v. JC Penney Corp.*, No. 3:11-cv-01011-JM-KSC, 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (named plaintiffs not bound by the same arbitration agreements as putative class members "fail[ed] to satisfy the typicality and adequacy requirements" of Rule 23); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861-62; *King*, 2012 WL 5570624, at *14 (plaintiff not subject to arbitration "could not fairly and adequately represent in this Court the interests of individuals who are bound to pursue their claims in arbitration"); *Stephens v. U.S., U.S. Postal Serv.*, No. 73 CIV. 1559, 1974 WL 10721, at *4 (S.D.N.Y. Feb. 4, 1974).

Oliveira has argued that New Prime waived its right to compel arbitration of his claims under Missouri law, and he therefore "stands in a different position legally" than the absent class

members he seeks to represent, who have no waiver defense. *Renton*, 2001 WL 1218773, at *7; s*ee also Baum v. Am.'s Servicing Co.*, No. 12-CV-00310-H BLM, 2012 WL 1154479, at *4 (S.D. Cal. Apr. 5, 2012). Conversely, some absent class members may "have potential defenses [to enforcement of their arbitration agreements] that [Oliveira] would be unable to argue on their behalf." *Avilez*, 596 F. App'x at 579. Because Oliveira's interests do not align with those of the other drivers their divergence in interests destroys typicality and renders Oliveira an inadequate representative. *See E. Tex. Motor Freight Sys., Inc.*, 431 U.S. at 403; *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861–62; *Avilez*, 596 F. App'x at 579.

**C.      Oliveira Cannot Satisfy the Commonality Requirement of Rule 23(a), the Predominance or Superiority Requirements of Rule 23(b), or the "Similarly Situated" Requirement of 29 U.S.C. § 216(b).**

The arbitration agreements of absent class members also doom commonality and predominance. Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Furthermore, Rule 23(b)(3) requires that "the Court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see* Dkt. 33, at 20 (Amended Complaint, Prayer for Relief) (requesting certification of a class under Rule 23(b)(3), as well as under (b)(1) and (b)(2)). "Rule 23(b)(3)'s predominance criterion is *even more demanding* than Rule 23(a)." *Comcast*, 569 U.S. at 34 (emphasis added). This is because "Rule 23(b)(3) [is] an adventuresome innovation . . . designed for situations in which class-action treatment is not as clearly called for." *Id*. (internal quotation marks omitted). This Court has a duty to take a "close look" at whether that "vital prescription" is satisfied. *Amchem Prods., Inc.*, 521 U.S. at 623 (quotation marks and citation omitted).

14

"What matters . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (quotation marks and citation omitted). Here, there is no possibility of a class proceeding generating common answers to common questions because all of the absent class members who are independent-contractors are bound by arbitration agreements. *See In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861 ("Where certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroy[] the commonality and typicality of the class.").

Moreover, should any putative class member wish to avoid arbitration, "'defendants [would] have the right to raise individual defenses against each class member.'" *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 191–92 (3d Cir. 2001)), *abrogated on other grounds as stated in Villoldo v. BNP Paribas, S.A.*, 648 F. Appx. 53, 55 (2d Cir. 2016); *see also Lindsey v. Normet*, 405 U.S. 56, 67 (1972) ("Due process requires that there be an opportunity to present every available defense.'") (quoting *Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 168 (1932)). That includes the right to compel the putative class member to arbitrate any issues of arbitrability. *See* Dkt. 36-2 ¶ 30 (capitalization omitted) (all issues, including "the arbitrability of disputes between the parties, shall be fully resolved by arbitration").[4]

---

[4]    Furthermore, Oliveira has argued that the enforceability of arbitration agreements under Missouri law is a highly fact-intensive question. According to Oliveira, whether a contract is adhesive and therefore unenforceable is "more complicated in Missouri law than in general law"; this Court "would . . . probably have to have a mini-trial or at least some kind of summary judgment about whether [a contract] was adhesive," and the parties "would have to present some evidence" on that question. Machin Decl., Ex. 1; Scheduling Conference Hr'g Tr. 12:15-19,

For these same reasons, Oliveira cannot make the requisite showing of predominance and superiority under Rule 23(b)(3).  If Oliveira succeeds in evading his own arbitration agreement, then common questions could not predominate over individual questions because that same arbitration agreement is enforceable as to other proposed class members.  *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861–63 (granting motion to amend class definition to exclude putative class members with arbitration agreements because otherwise the class could not meet the commonality, typicality, or predominance requirements of Rule 23).  And a class action is not superior to other forms of dispute resolution where a court would "have to make determinations regarding the applicability of . . . arbitration and class waiver provisions with respect to each putative class member," as this would "make it difficult for the court to manage the class action."  *Douglas v. Talk Am. Inc.*, No. CV 06-3809 GAF (RCX), 2009 WL 10669481, at *8, *11 (C.D. Cal. Mar. 10, 2009).  Indeed, for any putative class members who wish to arbitrate their claims in accordance with their agreements, a class proceeding in this Court is a substantially inferior vehicle for dispute resolution because it is slower and more costly.  *See AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 345 (2011) ("[T]he informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution."); Dkt. 36-2 ¶ 30 (in the event an arbitrator determines that arbitration fees "will impose a substantial financial hardship on [the] contractor," New Prime "will pay the arbitration fees" of those who signed comparable agreements) (capitalization omitted).

---

*Oliveira v. New Prime, Inc.*, No. 15-10603-PBS (D. Mass. Aug. 16, 2017) (statements by Mr. Andrew Schmidt, counsel for Oliveira).  New Prime disagrees with this characterization of Missouri law, particularly in light of the fact that New Prime's agreements are negotiable and therefore do not constitute contracts of adhesion under Missouri law.  *See Grossman*, 297 S.W.3d at 922.  But even if Oliveira were correct, the inquiry he describes cannot be resolved on a class or collective basis.

Finally, because Oliveira cannot satisfy the requirements of Rule 23, he also cannot establish that collective treatment is appropriate under Section 216(b) of the FLSA. *Trezvant*, 434 F. Supp. 2d at 43 (in deciding whether to certify a collective action under Section 216(b), courts apply Rule 23 standards to determine whether the lead plaintiff is "similarly situated" to the proposed collective).

## II.  Oliveira Is Bound by an Enforceable Waiver of Class and Collective Claims.

This Court should also deny certification of a class or collective action because Oliveira waived the right to pursue claims on a representative basis. Setting aside the question of whether New Prime can enforce Oliveira's arbitration agreement, "the Parties specifically agree[d] that no dispute may be joined with the dispute of another" in the portion of the contract concerning "governing law and arbitration." Dkt. 36-1 ¶ 30. The class waiver in the parties' agreement stands on its own, whether in arbitration or in court, and is enforceable whether Oliveira is properly classified as an employee or as an independent contractor. *See Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014) (applying waiver of class or representative actions in arbitration agreement to bar putative collection brought under the FLSA); *Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284, 313 (D. Mass. 2016) (finding that class waiver was enforceable); *but see Tigges v. AM Pizza, Inc.*, Nos. 16-cv-10136-WGY, 16-10474-WGY, 2016 WL 4076829, at *13 (D. Mass. July 29, 2016) (siding with the minority of courts that have found that a class-action waiver impermissibly infringes on employee rights under the National Labor Relations Act).[5]

---

[5]     The Supreme Court is presently considering this issue and is expected to issue an opinion before the end of this Term. *See Epic Sys. Corp. v. Lewis*, No. 16-285 (Sup. Ct.); *Ernst & Young LLP v. Morris*, No. 16-300 (Sup. Ct.); *Nat'l Labor Relations Bd. v. Murphy Oil USA, Inc.*, No.

# CONCLUSION

Oliveira seeks to represent a putative class and collective action but "stands in a different position legally than" members of the putative class or collective action who signed agreements requiring bilateral arbitration of their claims. *Renton*, 2001 WL 1218773, at *7. Therefore, he cannot, as a matter of law, satisfy Rule 23's requirements or the comparable requirements of 29 U.S.C. § 216(b). Furthermore, this Court should deny class and collective certification because Oliveira signed an agreement waiving his right to pursue claims against New Prime on a representative basis.

Respectfully Submitted,

NEW PRIME, INC.,

By its attorneys,

/s/ Joshua S. Lipshutz
Jason C. Schwartz*
(VA #43635; DC #465837;
MD #201006080003)
jschwartz@gibsondunn.com
Joshua S. Lipshutz (BBO #675305)
jlipshutz@gibsondunn.com
Amanda C. Machin*
(DC #1008932; VA #82364)
amachin@gibsondunn.com
Stephanie E. Pearl (BBO #693941)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

---

16-307 (Sup. Ct.) (consolidated cases, all heard by the Court on October 2, 2017, and awaiting decision).

Theodore J. Boutrous, Jr.*
(CA #132099; DC #420440; NY #518550)
tboutrous@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000


*Admitted pro hac vice

Dated: January 23, 2018

## CERTIFICATE OF SERVICE

I certify that I served a true copy of this document by electronic filing on all counsel of record in this case on January 23, 2018.


    /s/ Amanda C. Machin         
       Amanda C. Machin