IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOMINIC OLIVEIRA, on his own behalf and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:15-cv-10603-PBS |
| v. | ) ) | |
| NEW PRIME INC., | ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

In anticipation of the status conference scheduled for February 26, 2019, the parties submit this status report regarding the current status of discovery and motion practice and a proposed schedule for the case.

**I.  Status of Discovery and Motion Practice.**

Prior to the Supreme Court's acceptance of this case on certiorari, the parties had begun discovery on the named plaintiff's individual claims. The parties had exchanged an initial round of discovery responses and were in the process of scheduling the depositions of the named plaintiff and the Rule 30(b)(6) witness(es).

Additionally, shortly before the stay was imposed pending the Supreme Court's decision, Defendant had filed a motion to deny class/conditional certification, to which Plaintiffs have filed an opposition. ECF Docket Nos. 118, 125.

The parties disagree regarding the resolution of the motion to deny class/conditional certification. Their respective positions are set forth below:

1

**II.**     *Plaintiffs' Position:* Because Defendant's pending motion will require the Court to address many of the same issues that will be presented on Plaintiffs' motion for class certification under Fed. R. Civ. P. 23 and Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b), Plaintiffs propose that the most efficient course is to for the Court to hold off on deciding Defendant's motion (or to deny the motion without prejudice) to allow Plaintiffs to complete the additional discovery necessary in order to be ready to file the class and conditional certification motions. Specifically, prior to moving for class and conditional certification, Plaintiffs need some additional time to complete Local Rule 37.1 conferences relating to discovery production and to conduct the already noticed Rule 30(b)(6) deposition (as well as other limited discovery relating to class certification issues). Accordingly, Plaintiffs propose that the Court deny Defendant's motion without prejudice, to be re-filed as part of the class certification briefing schedule. Alternatively, if the Court is inclined to hear Defendant's motion at this time, Plaintiffs request the opportunity to file a supplemental opposition brief to address the impact of the Supreme Court's decision and/or any other intervening legal authority on the issues raised in Defendant's motion. Plaintiffs would be prepared to file this supplemental opposition brief within two weeks after the Court's imposition of an updated schedule in the case.

*Defendant's Position*: Rule 23(c)(1)(A) requires that class certification be resolved "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). As set forth in Defendant's motion, the fact that the absent class members are subject to enforceable arbitration agreements means that class certification must be denied. Thus, there is no basis for the

Court to hold the motion in abeyance pending fact discovery that is relevant to other class certification issues. Plaintiffs already filed their opposition to the motion, prior to entry of the stay. Defendant intends to submit a reply brief, to which Plaintiffs previously consented, on or before March 1, or (if the Court permits Plaintiffs to file a supplemental brief), within two weeks of the date that supplemental brief is submitted, and will then be prepared to argue the motion at the Court's earliest convenience.

## II. Parties' Proposed Schedule.

The parties propose the following schedule for completion of **pre-class certification discovery (**which will involve further discovery related to plaintiffs' individual claims as well as to generally applicable policies, **including depositions of the named plaintiff and Rule 30(b)(6) witness(es)**) and briefing:

1. **Deadline to complete pre-class certification discovery**: July 15, 2019.

2. **Briefing on Plaintiffs' motions for class and conditional certification**: Plaintiffs to file motions for class and collective certification no later than August 30, 2019; Defendant's oppositions to be filed thirty days later; and Plaintiffs' replies to be filed 14 days later.

3. **Additional deadlines**: The parties to file proposed schedule, if necessary, within 14 days after the Court's ruling on class and collective certification.

3

Respectfully submitted,

| | |
|---|---|
| DOMINIC OLIVEIRA,<br>on behalf of himself<br>and all others similarly situated, | NEW PRIME, INC.<br>By its attorneys, |
| By their attorneys, | |
|  /s/ Brant Casavant<br>Andrew Schmidt, Esq.<br>  Admitted *pro hac vice*<br>Andrew Schmidt, PLLC<br>97 India St.<br>Portland, ME 040101<br>Tel. (207) 619-0320<br>Fax. (207) 221-1029<br>Andy@MaineWorkerJustice.com<br><br>Hillary Schwab (BBO #666029)<br>Brant Casavant (BBO #672614)<br>FAIR WORK P.C.<br>192 South Street, Suite 450<br>Boston, MA 02111<br>Tel. (617) 607-3261<br>Fax. (617) 488-2261<br>hillary@fairworklaw.com<br>brant@fairworklaw.com<br><br>Attorneys for the Plaintiffs. |  /s/ Amanda C. Manchin<br>Jason C. Schwartz*<br>  (VA #43635; DC #465837; MD #201006080003)<br>  jschwartz@gibsondunn.com<br>Joshua S. Lipshutz<br>  (BBO #675305)<br>  jlipshutz@gibsondunn.com<br>Amanda C. Machin*<br>  (DC #1008932; VA #82364)<br>  amachin@gibsondunn.com<br>Stephanie E. Pearl<br>  (BBO #693941)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 955-8500<br><br>Theodore J. Boutrous, Jr.*<br>  (CA #132099; DC #420440; NY #518550)<br>  tboutrous@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>(213) 229-7000<br><br>*Admitted *pro hac vice*.<br><br>**Dated:** February 21, 2019. |

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                 */s/ Brant Casavant*
                                                 Brant Casavant