```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


_____
                                )
DOMINIC OLIVEIRA,               )
                Plaintiff,      )
                                )
     v.                         )    Civil Action
                                )    No. 15-10603-PBS
NEW PRIME, INC.,                )
                                )
                Defendant.      )
_____)
```

**MEMORANDUM AND ORDER**

December 9, 2019

This case involves a pay dispute between a trucking corporation and former truck drivers. Plaintiff Dominic Oliveira brought this proposed class and collective action in March 2015, alleging that Defendant New Prime, Inc. ("New Prime") violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290, by failing to pay its truck drivers minimum wage. Docket. Nos. 1, 33.

In June 2015, New Prime moved to compel arbitration of Oliveira's claims under the Federal Arbitration Act (FAA), but did not press its claim under Missouri law. See Docket No. 3 at 4-8. This Court denied New Prime's motion without prejudice and ordered limited discovery on the applicability of the FAA to this case. Docket No. 60. New Prime appealed to the First

1

Circuit, lost, and then appealed to the Supreme Court, and lost again. Now it wants a fourth bite of the arbitration apple.

Now, three and a half years after this case was filed, New Prime moves under Missouri law to compel arbitration of the claims of several plaintiffs who recently opted into this case pursuant to the FLSA. New Prime argues that (1) it has not waived its right to arbitration under Missouri law with respect to the new opt-in plaintiffs (2) any state-law challenges to its arbitration agreements[1] with the opt-in plaintiffs must be resolved by an arbitrator, rather than this Court. Plaintiff contests both assertions.

After hearing, the Court **DENIES** Defendant's motion to compel arbitration of the opt-in plaintiffs' claims (Docket No. 161) because it has waived its right under Missouri law.

## BACKGROUND

The following facts are taken from the First Amended Complaint and attached exhibits, Docket No. 33, as well as this Court's previous opinion in this case, Oliveira v. New Prime, Inc., 141 F. Supp. 3d 125 (D. Mass. 2015).

In March 2013, Oliveira entered New Prime's "Paid Apprenticeship" training program, which is advertised as an on-

---

[1] Plaintiffs assert that the arbitration agreement is unenforceable because it is a contract of adhesion and is unconscionable.

2

the-job training program for new truck drivers. Docket No. 33-2, Docket No. 33-3. Apprentices obtain a Missouri Commercial Driver's License (CDL) permit, shadow New Prime drivers for three to four weeks, take a CDL exam, drive 30,000 miles as a New Prime company driver trainee, and attend an additional week of orientation classes. Oliveira, 141 F. Supp. 3d at 128. The drivers then choose to be classified as either company drivers or independent contractors. Id.

In May 2013, when Oliveira returned from his trainee driving, New Prime told Oliveira that he could make more money if he became an independent contractor. Id. Oliveira then signed a document titled "INDEPENDENT CONTRACTOR OPERATING AGREEMENT." Dkt. No. 36-1. The document contained an arbitration provision that delegated questions of arbitrability to the arbitrator.[2]

---

[2] The arbitration provision reads:

> GOVERNING LAW AND ARBITRATION. THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF MISSOURI. ANY DISPUTES ARISING UNDER, ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING AN ALLEGATION OF BREACH THEREOF, AND ANY DISPUTES ARISING OUT OF OR RELATING TO THE RELATIONSHIP CREATED BY THE AGREEMENT, AND ANY DISPUTES AS TO THE RIGHTS AND OBLIGATIONS OF THE PARTIES, INCLUDING THE ARBITRABILITY OF DISPUTES BETWEEN THE PARTIES, SHALL BE FULLY RESOLVED BY ARBITRATION IN ACCORDANCE WITH MISSOURI'S ARBITRATION ACT AND/OR THE FEDERAL ARBITRATION ACT. ANY ARBITRATION BETWEEN THE PARTIES WILL BE GOVERNED BY THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION ("THE RULES"). THE PARTIES SPECIFICALLY AGREE THAT NO DISPUTE MAY BE JOINED WITH THE DISPUTE OF ANOTHER AND AGREE THAT CLASS ACTIONS

During his time as an independent contractor and later as a New Prime company driver, New Prime made regular deductions from Oliveira's paycheck. Oliveira, 141 F. Supp. 3d at 129. These deductions were ostensibly due to an advance of $200 per week given to Oliveira during the apprentice program, lease payments on Oliveira's truck, and payments for other tools that New Prime instructed Oliveira to buy. Id. at 128-29. On multiple occasions, Oliveira's weekly pay was negative after spending dozens of hours on the road. Id. at 129.

Oliveira brought this class action in March 2015, arguing that he and other New Prime drivers were not paid the minimum wage under federal and state law. Docket No. 1. Oliveira proposed the following definition for both a 216(b) collective action under the FLSA and a Rule 23(b) class under Missouri law:

> All current and former employees that drove for the defendant, whether or not catagorized [sic] as employees, trainees, or independent contractors who were not compensated for all training time, paid by the mile without regard to hours worked and/or had improper deductions taken from their paychecks.

---

UNDER THIS ARBITRATION PROVISION ARE PROHIBITED . . .
THE PLACE OF THE ARBITRATION HEREIN SHALL BE
SPRINGFIELD, MISSOURI.

Docket No. 36-1 at 10. The agreement also states, immediately before the signature line, "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." Id.

4

Docket No. 33 at 13-14.³  In June 2015, New Prime filed a motion to compel arbitration of Oliveira's claims, or in the alternative, to dismiss the suit for failure to state a claim. Docket No. 24, Docket No. 35. New Prime's arbitration-related arguments were based entirely on federal law. See Docket No. 36 at 4-8. This Court denied New Prime's motion in October 2015. Oliveira, 141 F. Supp. 3d at 135. New Prime appealed the decision to the First Circuit shortly thereafter. Docket No. 67.

The First Circuit affirmed this Court's decision in May 2017. Docket No. 73; Oliveira v. New Prime, Inc., 857 F.3d 7, 24 (1st Cir. 2017). The First Circuit held that (1) the "applicability of the FAA is a threshold question for the court to determine before compelling arbitration under the Act," and (2) the provision of the FAA that exempts "contracts of employment" of transportation workers from the Act's coverage applies to an agreement "that establishes or purports to establish an independent-contractor relationship." Id. at 9. Thus, New Prime could not rely on the FAA to compel arbitration of Oliveira's claims.

New Prime appealed the First Circuit's decision to the U.S. Supreme Court in November 2017. Docket No. 110. While its petition for certiorari was pending, New Prime moved in January

---

³ This class definition is taken from Oliveira's amended complaint, Docket No. 33, which was filed in June 2015.

5

2018 to deny certification of Oliveira's putative class. Docket No. 118. In its motion, New Prime asserted that it had "not waived its right to compel arbitration of the claims of putative class members" under Missouri law, even if it had waived that right with regard to Oliveira individually. Id. at 8. Once the Supreme Court granted certiorari in February 2018, Docket No. 134, the district court proceeding was stayed prior to resolution of the class certification issue. In January 2019, the Supreme Court affirmed the First Circuit on both of its holdings. New Prime Inc. v. Oliveira, 139 S. Ct. 532, 544 (2019).

Oliveira subsequently filed consent forms for ten opt-in plaintiffs ("Plaintiffs"), pursuant to 29 U.S.C. § 216(b), in April 2019 (Docket No. 154, Docket No. 155), and June 2019 (Docket No. 159, 160). The opt-in plaintiffs had each signed Operating Agreements with arbitration provisions similar to that signed by Oliveira. Docket. Nos. 163-1 to 163-10. Many of the contracts were signed at the end of the driver training period, after each driver had gone through days or weeks of training with New Prime. See, e.g., Docket No. 180-2 ¶ 2; Docket No. 180-3 ¶ 2.

New Prime moved to compel arbitration of the opt-in plaintiffs' claims in August 2019. Docket No. 161. New Prime sent Plaintiff's counsel written demands to arbitrate the claims

of the opt-in plaintiffs, which Plaintiff's counsel declined. Docket No. 162 at ¶ 3. New Prime further alleges that none of the opt-in plaintiffs has been deposed, and no written discovery has been served regarding the opt-in plaintiffs' claims. Id. ¶ 4.[4]

**DISCUSSION**

The motion raises two questions for Court. First, has New Prime waived its right to compel arbitration under the Missouri Uniform Arbitration Act (MUAA) with regard to the opt-in plaintiffs? Second, does the MUAA compel arbitration of the opt-in plaintiffs' claims, including threshold questions of arbitrability? Because I find that New Prime has waived its right to compel arbitration under the MUAA, I do not reach the second question.

I. **Legal Standard**

Under Missouri law, the right to arbitration may be waived. Reis v. Peabody Coal Co., 935 S.W.2d 625, 630 (Mo. Ct. App. 1996). "A party waives its right to arbitrate if it (1) had knowledge of the existing right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the party

---

[4] After New Prime filed its motion to compel arbitration, the Plaintiffs moved to certify a collective action for their 29 U.S.C. § 216(b) claims and a Rule 23 class action for their Missouri state law claims. Docket No. 176, Docket No. 198. That motion has not yet been decided.

opposing arbitration." <u>Mueller v. Hopkins & Howard, P.C.</u>, 5 S.W.3d 182, 187 (Mo. Ct. App. 1999). There is a "strong presumption" against waiver, and any doubts "must be resolved in favor of arbitration." <u>Id.</u>

The party seeking waiver bears the burden of establishing prejudice. <u>Id.</u> Prejudice is determined on a case-by-case basis. <u>Id.</u> Prejudice results when a party "substantially invokes the judicial process to the detriment or prejudice of the other party." <u>Major Cadillac, Inc. v. Gen. Motors Corp.</u>, 280 S.W.3d 717, 723 (Mo. Ct. App. 2009). Missouri courts have identified several indicators of prejudice, such as when a party "loses a motion on the merits and then attempts to invoke arbitration, or when a party postpones invoking arbitration, causing his adversary to incur unnecessary delay or expense." <u>Mueller</u>, 5 S.W.3d at 187; <u>see also</u> <u>Major Cadillac</u>, 280 S.W.3d at 723 (explaining that prejudice can be found "when a party's time and funds are expended because that party has not received the benefits of arbitration: efficient and low-cost resolution of disputes" (citation omitted)). Prejudice can also "result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits." <u>Nettleton v. Edward D. Jones & Co.</u>, 904 S.W.2d 409, 411 (Mo. Ct. App. 1995). Delay alone does not establish prejudice, but "delay and the moving party's trial-

8

oriented activity are material factors in assessing prejudice." Gentry v. Orkin, LLC, 490 S.W.3d 784, 789 (Mo. Ct. App. 2016) (citation omitted).

Missouri law does not specify a bright-line rule, either in terms of litigation stage or time expended, as to when a party waives its right to compel arbitration. See, e.g., Major Cadillac, 280 S.W.3d at 723 (finding waiver where defendant filed and spent eight months litigating motion to remove and motion to dismiss); Reis, 935 S.W.2d at 631 (finding that defendant acted inconsistently with the right to arbitrate by, inter alia, seeking arbitration after two years of unsuccessful litigation of its motion for dismissal or summary judgment and related appeal) ("[It] was not until [the defendant] had unsuccessfully exhausted its pretrial maneuvers, that it attempted to invoke arbitration").

## II. **Parties' Arguments**

The parties do not contest that New Prime had knowledge of its alleged right to arbitrate, thereby satisfying the first prong of the waiver test. The parties disagree as to the second and third prongs: whether New Prime's actions were inconsistent with the right to arbitrate, and whether those actions prejudiced the opt-in plaintiffs. Docket No. 161 at 13-15; Docket No. 180 at 1, 16-20.

### A. Inconsistency

New Prime argues that it acted consistently with the right to arbitrate, because it could not have moved to compel arbitration of the opt-in plaintiffs' claims until they became parties to this action. Docket No. 161 at 13. The MUAA provides for a motion to compel arbitration only against an "opposing party" who has "refus[ed] to arbitrate." Mo. Rev. Stat. § 435.355(1). New Prime argues that the opt-in plaintiffs did not become parties to this action for FLSA purposes until April and June 2019, when their written consent was filed with the court. See 29 U.S.C. § 216(b) ("[N]o employee shall be a party to any such action unless he gives consent in writing . . . ."). Thus, New Prime alleges that it could not have moved to compel arbitration of these plaintiffs' claims sooner. New Prime also argues that proposed class members in an uncertified class are not yet parties to the action for purposes of the Rule 23 class action. Docket No. 161 at 14.

New Prime further notes that its August 2017 answer to Oliveira's complaint raised the issue of arbitration under Missouri law. Docket No. 117 at 15. New Prime's January 2018 motion to deny class certification also argued that New Prime had "not waived its right to compel arbitration of the claims of putative class members" under Missouri law, even if it had waived that right with regard to Oliveira. Docket No. 118 at 8.

In response, Plaintiffs cite New Prime's August 2015 reply brief stating that New Prime sought to invoke arbitration under the FAA, rather than the MUAA, Docket No. 51, and New Prime's December 2017 Supreme Court reply brief, which stated "[New] Prime has not moved to compel arbitration of respondent's claims under Missouri law —- and respondent is well aware that [New] Prime has no intention of doing so in this case." Docket No. 180-9 at 19.

**B. Prejudice**

New Prime further argues that the opt-in plaintiffs have not borne their burden of establishing prejudice. New Prime claims that none of the opt-in plaintiffs has incurred any expense since joining this lawsuit in mid-2019, particularly as no discovery has been conducted regarding the opt-in plaintiffs in particular. Docket No. 161 at 13-14. The Plaintiffs respond that they have been prejudiced by the passage of time, which makes "discovery . . . harder to obtain and class and collective members harder to reach." Dkt. 180 at 19.

**III. Analysis**

New Prime has waived its right to compel arbitration of the opt-in plaintiffs' claims under the MUAA. New Prime's actions (1) were inconsistent with the right to arbitrate and (2) prejudiced the opt-in plaintiffs.

11

**A. Inconsistency**

New Prime had notice from the start of this case that it was being pursued as a putative class and collective action, and that it had the potential right to compel arbitration under both federal and state law. See Docket No. 1; Docket No. 117 at 15. Nevertheless, New Prime "substantially invoke[d] the litigation machinery" by pursuing the federal path for two years before moving to compel arbitration under the MUAA. Major Cadillac, 280 S.W.3d at 723. New Prime filed a motion to compel arbitration or dismiss the amended complaint in July 2015 but failed to raise any MUAA-related arguments. New Prime also filed motions to stay this case pending appeal, and pursued appeals in the First Circuit and the Supreme Court. Plaintiff argues these actions are all inconsistent with New Prime's right to pursue arbitration under the MUAA.

While Missouri courts have not ruled on whether the right to arbitration can be waived with regard to putative class or collective action members, several other courts have answered in the affirmative where a defendant delayed in presenting the arbitration issue for tactical advantage. See Gunn v. NPC Int'l., Inc., 625 Fed. App'x 261, 265-67 (6th Cir. 2015) (finding waiver in putative FLSA collective action where defendant moved to compel arbitration after unfavorable rulings and the court found it was "employing dilatory tactics");

Kingsbury v. U.S. Greenfiber, LLC, No. 08-cv-00151, 2012 WL 2775022, at *6-7 (C.D. Cal. June 29, 2012) (finding waiver in putative Rule 23 class action where defendant "conscious[ly]" sought judicial judgment on certain legal questions before moving to compel arbitration); see also Prowant v. Fed. Nat'l Mortgage Ass'n, 255 F.Supp.3d 1291, 1298, 1301 (N.D. Ga. 2017) (finding waiver in putative FLSA collective action where defendant moved to compel arbitration of opt-in plaintiffs' claims after receiving an unfavorable ruling).

New Prime relies heavily on the Eleventh Circuit's decision in Gutierrez v. Wells Fargo, which held that it would have been "jurisdictionally impossible" for the district court to rule on a motion to compel arbitration before a class was certified, such that the defendant's failure to so move could not be viewed as evidence of waiver. 889 F.3d 1230, 1237-1239 (11th Cir. 2018). Importantly, the defendant in Gutierrez specifically preserved its right to compel arbitration as to unnamed putative class members before a motion to dismiss was decided. Id. The Eleventh Circuit highlighted this fact, holding that "the key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them. If the court and the opposing party have such notice at an early stage in litigation, they can

13

manage the litigation with this contingency in mind." Id. at 1236.

The instant case is distinguishable from Gutierrez. New Prime did not attempt to preserve the issue of Missouri state law until August 2017, more than two years after litigation had commenced and after both the district and circuit court had ruled on New Prime's motion to compel arbitration or dismiss. Here, the key indication of waiver is not New Prime's failure to file a motion to compel arbitration. Rather, the finding of waiver is based upon New Prime's repeated affirmations that it would not seek to compel arbitration under the MUAA in this case, coupled with its years-long pursuit of appeals on the applicability of the FAA. See id. at 1236 ("[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them.").

### B. Prejudice

The parties disagree as to whether the prejudice analysis should reflect New Prime's actions with respect to the opt-in plaintiffs only, or whether the Court may consider the prejudice suffered by the Plaintiffs as a group. The opt-in plaintiffs argue that they have suffered prejudice individually, because the passage of four years of litigation in this case has raised "the risk that discovery will be harder to obtain and class and

14

collective members harder to reach." Docket No. 180 at 19.[5] Moreover, putative class members may be forced to eventually shoulder attorney's fees for litigating this case to the Supreme Court.

New Prime's actions prior to April 2019 with respect to the named plaintiff are relevant to the waiver inquiry because they caused delay to the unnamed plaintiffs. See Gunn, 625 Fed. App'x at 267 (holding that the prejudicial "effects of [the Defendant's] failure to timely raise arbitration – in unnecessary delay and expense – is effectively the same for all plaintiffs, irrespective of when they opted in," where plaintiffs were represented by the same counsel before the same judge and "assert[ed] claims for violations of FLSA rights pursuant to the same uniform policies"); Kingsbury, 2012 WL 2775022, at *6-7 (explaining that the defendant's pre-certification conduct prejudiced unnamed members of the class, because the named plaintiff and "his lawyers were attempting to

---

[5] The Plaintiffs claim they have suffered prejudice because their arbitration agreements contain a one-year limitation provision, which New Prime might seek to invoke in an arbitration. Docket No. 215 at 11. Missouri law renders such limitations periods "null and void." See Mo. Rev. Stat. § 431.030 ("All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void."). During hearing on this motion, New Prime waived its right to assert the limitation provision against the opt-in plaintiffs.

15

vindicate not only [the named plaintiff's] interests but also the interests of other unrepresented class members").

New Prime spent more than four years litigating a threshold issue regarding arbitration under the FAA. A timely motion to compel arbitration under the MUAA could have saved the Plaintiffs, including the opt-in plaintiffs, and the Court unnecessary time and expense. But New Prime chose not to invoke the MUAA until it faced a potential loss on the FAA issue in the Supreme Court. Meanwhile, the drivers - who may have earned negative weekly pay due to improper deductions - have not received relief. The Plaintiffs have suffered prejudice in this case.

This result is consistent with the purpose of the waiver doctrine. Declining to find waiver in this case would create a loophole for defendants who seek to compel arbitration in a putative class or collective action. Defendants could choose one statute, such as the FAA or a state arbitration statute, to compel action against named plaintiffs, and then – and only if they lose – have the chutzpah to invoke the other statute years later. This situation denies parties the benefit of arbitration: the "efficient and low-cost resolution of disputes." Major Cadillac, 280 S.W.3d at 723. Defendant's conduct reflects dilatory litigation tactics at their worst, by preventing the

timely resolution of an important dispute about the payment of minimum wages.

Accordingly, Plaintiffs have established that New Prime acted inconsistently with regard to its right to arbitrate and that Plaintiffs were prejudiced as a result. New Prime has waived its right to compel arbitration of the Plaintiffs' claims under the MUAA.

## ORDER

New Prime's motion to compel arbitration of the opt-in plaintiffs' claims (Docket No. 161) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge