# <u>SETTLEMENT AGREEMENT</u>

# <u>AND</u>

# <u>RELEASE OF CLAIMS</u>

***Dominic Oliveira, et al. v. New Prime, Inc.,***
**D. Mass. Civil Action No. 1:15-cv-10603**

**and**

***Haworth, et al. v. New Prime, Inc.,***
**W.D. Mo. Civil Action No. 6:19-03025-CV-RK**

EXHIBIT 1

The Parties to this Settlement Agreement and Release of Claims ("**Agreement**") are Defendant New Prime, Inc. ("**Prime**" or "**Defendant**"), and Named Plaintiffs Dominic Oliveira and Rocky Haworth (collectively the "**Named Plaintiffs**," "**Class Representatives**" or "**Plaintiffs**" and, collectively with the Defendant, the "**Parties**"), for themselves and on behalf of other similarly situated class members in *Dominic Oliveira, et al. v. New Prime, Inc.*, Case No. 1:15-cv-10603, filed in the United States District Court for the District of Massachusetts ("**the *Oliveira* Matter**") and *Rocky Haworth, et al. v. New Prime, Inc.*, Case No. 6:19-03025-CV-RK, filed in the United States District Court for the Western District of Missouri ("**the *Haworth* Matter**" and collectively with the *Oliveira* Matter, the "**Litigation**").

## RECITALS

WHEREAS, Named Plaintiff Dominic Oliveira filed the *Oliveira* Matter as a Rule 23 putative class action and Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) collective action seeking recovery of unpaid wages against Defendant on behalf of himself and similarly situated individuals who attended training to become a truck driver for Prime and/or who have driven for Prime as an employee driver and/or independent contractor, and asserted claims that are set forth in the operative complaint (*Oliveira*, Dkt. 33);

WHEREAS, Named Plaintiff Rocky Haworth filed the *Haworth* Matter as a Rule 23 putative class action and FLSA collective action seeking recovery of unpaid wages against Defendant on behalf of himself and similarly situated individuals who drove for Prime as junior or B / C seat drivers, and asserted claims that are set forth in the operative complaint (*Haworth*, Dkt. 1);

WHEREAS, Defendant filed Answers denying the material allegations in the *Oliveira* Matter and *Haworth* Matter, denying all liability, and setting forth additional affirmative and other defenses (*Oliveira*, Dkt. 117; *Haworth*, Dkt. 17);

EXHIBIT 1

WHEREAS, the Parties engaged in significant discovery during the prosecution of the Litigation, including the exchange of Rule 26 disclosures, service of formal document requests and interrogatories, the production of millions of lines of electronic data pertaining to the class members, as well as multiple depositions;

WHEREAS, the parties understand that their counsel, counsel for the Named Plaintiffs (who are set forth as proposed Class Counsel in the respective actions under this agreement, hereinafter, "Class Counsel") and Defendant's Counsel respectively have thoroughly investigated the facts relating to the claims alleged in the Litigation, including the events and transactions underlying the Litigation, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the claims being asserted against Defendant and a comprehensive analysis of the electronic data produced by Defendant;

WHEREAS, the *Haworth* Court granted conditional certification, under the FLSA, as to a portion of the proposed classes, on March 23, 2020 (Dkt. 84);

WHEREAS, the Parties have engaged in lengthy arm's length negotiations via formal mediation with two separate mediators, D. Charles Stohler, Esq. (in *Oliveira*), and John Phillips, Esq. (in *Haworth*), and have further engaged in lengthy and extensive settlement discussions overseen by D. Charles Stohler, Esq. concerning the settlement of the claims and causes of action being asserted against Defendant in the Litigation;

WHEREAS, as a product of such negotiations, the Parties arrived at an agreement to settle the Litigation on the basis described herein, subject to Court approval;

WHEREAS, Defendant denies all of the allegations in the Litigation and any and all liability and damages of any kind to anyone with respect to these alleged facts or causes of action asserted in the Litigation, but nonetheless, without admitting or conceding any liability or damages

EXHIBIT 1

whatsoever, has agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, the Parties recognize that the outcome in the Litigation is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Named Plaintiffs through Class Counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Litigation to determine how best to serve the interests of all potential class members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Agreement is in the best interests of putative class members and that the settlement provided in this Agreement represents a fair, reasonable, and adequate resolution of the Litigation;

WHEREAS, the Parties have agreed to settle this Litigation as to all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time since October 2, 2012 through May 8, 2020 , and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time since March 4, 2010 through May 8, 2020, except two individuals who served as named plaintiffs in another class settlement against Prime in the case of *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321, and signed full releases as part of that settlement.

NOW THEREFORE, the Parties, intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth herein, do hereby agree as follows:

EXHIBIT 1

# DEFINITIONS

1.    "**Class Counsel**" or "**Named Plaintiffs/Class Counsel**" means Fair Work, P.C., Crimmins Law Firm, LLC and Hodes Law Firm, LLC who are designated as Class Counsel for purposes of this settlement upon entry of the Order granting preliminary approval.

2.    "**Defendant**" means New Prime, Inc.

3.    "**Defendant's Counsel**" means Gibson, Dunn & Crutcher LLP.

4.    "**Final Approval Order**" means an Order of the Court finally approving this Agreement and the settlement pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23(b)(3).

5.    "**Named Plaintiffs**" means the plaintiffs who filed the *Oliveira* and *Haworth* Matters. "**Plaintiff Oliveira**" or "**Named Plaintiff Oliveira**" means Plaintiff Dominic Oliveira, who filed the *Oliveira* Matter. "**Plaintiff Haworth**" or "**Named Plaintiff Haworth**" means Plaintiff Rocky Haworth, who filed the *Haworth* Matter.

6.    "**Putative Class/Collective Members**" means all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time since October 2, 2012 through May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time since March 4, 2010 through May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321.

a.    "**A Seat Class**" means those Putative Class/Collective Members who were employee drivers who drove as A seat drivers for Defendant at any time since October 2, 2012 through May 8, 2020.

EXHIBIT 1

b.    "**B/C Seat Class**" means those Putative Class/Collective Members who were employed by Defendant as a B or C seat driver at any time since October 2, 2012 through May 8, 2020.

c.    "**Independent Contractor Class**" means those Putative Class/Collective Members who drove for Defendant as an Independent Contractor at any time since October 2, 2012 through May 8, 2020.

d.    "**Orientation Class**" means those Putative Class/Collective Members who participated in orientation for prospective A, B, C, or D seat drivers through Defendant at any time since October 2, 2012 through May 8, 2020 and/or participated in orientation for prospective A, B, C, or D seat drivers through Defendant in Missouri at any time since March 4, 2010 through May 8, 2020.

7.    "**Settlement Class**" or "**Participating Class Members**" means Named Plaintiffs and those Putative Class/Collective Members who do not exclude themselves from the settlement.

a.    "**Claiming Class Members**" means Named Plaintiffs and any Putative Class/Collective Member who has filed a Claim/Consent to Join Form.

b.    "**Minimum Participation Class Member**" means any Putative Class Member who does not submit a Claim/Consent to Join Form and does not exclude himself or herself from the settlement.  Minimum Participation Class Members shall also be considered "Participating Class Members" for all purposes.

8.    "**Settlement Effective Date**" means the first day after the last of the following occurrences: (i) the issuance of the Final Approval Order, (ii) if an objection has been made to final approval of the settlement, the date on which the objector's time to appeal the Final Approval Order has expired with no appeal or other judicial review having been taken or sought, or (iii) if

EXHIBIT 1

an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review, or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

9.      "**Settlement Fund**" means the common settlement fund described in Paragraph A below.

## EXHIBITS

The following exhibits are attached to this Agreement.

1.      Exhibit A: Notice of Class and Collective Action Settlement (Electronic Version)

2.      Exhibit B: Notice of Class and Collective Action Settlement (Paper Version)

3.      Exhibit C: Claim/Consent to Join Form

4.      Exhibit D: Proposed Preliminary Approval Order in the *Haworth* Matter

5.      Exhibit E: Proposed Preliminary Approval Order in the *Oliveira* Matter

6.      Exhibit F: Proposed Final Approval Order

## SETTLEMENT TERMS

A. **Settlement Fund**.  Defendant agrees that a common settlement fund in the amount of Twenty Eight Million Dollars and No Cents ($28,000,000.00) will be established to resolve any and all state, federal (FLSA), and common law-related wage and hour claims of Named Plaintiffs and all Putative Class/Collective Members against Defendant.

1.      This Settlement Fund is inclusive of any and all alleged unpaid wages, liquidated damages, penalties, attorneys' fees, costs, expenses, including reasonable settlement administration costs, and any reasonable service awards.  Defendant's share of payroll taxes, if any, will be borne separately from the Settlement Fund.  The Parties are to each pay their own

EXHIBIT 1

fees, costs, and expenses, other than those approved by the Court to come from the Settlement Fund.

2.      Only the Named Plaintiffs and Putative Class/Collective Members who receive a notice of settlement (the "Notice Packet") pursuant to Paragraph F and who do not exclude themselves pursuant to Paragraph D.4 are entitled to participate in the settlement (all of whom shall be considered Participating Class Members).

3.      Fourteen Million Dollars and No Cents ($14,000,000.00) of the Settlement Fund shall be non-reversionary ("**Non-Reversionary Settlement Fund**").  Fourteen Million Dollars and No Cents ($14,000,000.00) of the Settlement Fund shall be considered reversionary ("**Reversionary Settlement Fund**").

4.      The Settlement Fund, including the Non-Reversionary Settlement Fund and the Reversionary Settlement Fund shall be allocated in accordance with Paragraph C.

B.  **Settlement Classes.**

1.      **Orientation Class**:  Seven Million Dollars and No Cents ($7,000,000.00) from the Non-Reversionary Settlement Fund has been allocated to the Orientation Class ("**Orientation Class Fund**").

2.      **B and C Seat Class**: Eight Million Five Hundred Thousand Dollars and No Cents ($8,500,000.00) has been allocated to the claims of the B/C Seat Class, of which $3,500,000.00 shall come from the Non-Reversionary Settlement Fund ("**B/C Seat Class Non-Reversionary Fund**") and $5,000,000.00 shall come from the Reversionary Settlement Fund ("**B/C Seat Class Reversionary Fund**").

3.      **A Seat Class**: Eight Million Five Hundred Thousand Dollars and No Cents ($8,500,000.00) has been allocated to the claims of the A Seat Class, of which $3,500,000.00  shall

EXHIBIT 1

come from the Non-Reversionary Fund ("**A Seat Class Non-Reversionary Fund**"), and $5,000,000.00  shall come from the Reversionary Settlement Fund ("**A Seat Class Reversionary Fund**").

      4.     **Independent Contractor Class**:   Four Million Dollars and No Cents ($4,000,000.00) has been allocated to the claims of the Independent Contractor Class from the Reversionary Settlement Fund. ("**Independent Contractor Class Fund**").

      C.  **Settlement Fund Allocation.**

      1.     **Minimum Allocation**. Each Putative Class Member shall be allocated a minimum settlement amount of $100.00 ("Minimum Allocation"). The Notice shall advise the Putative Class/Collective Members that this is the maximum amount they shall receive from the Settlement Fund if they do not exclude themselves from the Settlement and do not submit a Claim/Consent to Join Form. The Minimum Allocation shall be paid from the Settlement Fund out of the **Non-Reversionary Settlement Fund**.  If the Putative Class Member is a member of all of the sub-classes or is a member of the Orientation Class, B/C Seat Class and A Seat Class, $34.00 of the Minimum Allocation will be paid from the Orientation Class Fund, $33.00 of the Minimum Allocation will be paid from the B/C Seat Class Non-Reversionary Fund and $33.00 of the Minimum Allocation will be paid from the A Seat Class Non-Reversionary Fund.   If the Putative Class Member is a member of only the Orientation Class and the B/C Seat Class, $50.00 of the Minimum Allocation will be paid from the Orientation Class Fund, and $50.00 of the Minimum Allocation will be paid from B/C Seat Class Non-Reversionary Fund. If the Putative Class Member is a member of only the Orientation Class and the A Seat Class, $50.00 of the Minimum Allocation will be paid from the Orientation Class Fund, and $50.00 of the Minimum Allocation will be paid from the A Seat Class Non-Reversionary Fund. If the Putative Class Member is a member of only

EXHIBIT 1

the Orientation Class and the Independent Contractor Class, $100.00 of the Minimum Allocation will be paid from the Orientation Class Fund.

2.    **Settlement Share**. Each Putative Class Member shall be allocated a proportionate share of the Settlement Fund as follows:

a.    Each Putative Class Member shall be assigned to each Settlement Class in which he or she is a member as set forth in Paragraph B.  Each participant will be a member of at least one Settlement Class.

b.    The following settlement formula will be applied to each Settlement Class fund as follows:

i.    <u>Orientation Class Settlement Allocation</u>: The Orientation Class Fund shall be reduced by the minimum allocations as set forth in Paragraph C.1, attorneys' fees as set forth in Paragraph C.5, the service award to Named Plaintiff Oliveira, and reasonable settlement and litigation costs as set forth in Paragraphs C.6 and C.7.  The Orientation Class Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining Orientation Class Fund**."  The Remaining Orientation Class Fund shall be allocated among the Putative Class/Collective Members who are members of the Orientation Class and who submit a Claim/Consent to Join Form as follows:

a)    Each Orientation Class Member is assigned numerical shares of the settlement fund based on the following parameters ("**Individual Orientation Class Member Numerator**"):  1 share for attending D seat orientation in Missouri before March 2012; 2 shares for attending D seat orientation since March 2012; 1 share if the class member has worked as an A seat driver or an independent contractor driver; and/or 1.25 shares if the class member has worked as both an A seat driver and an independent contractor driver.  Once the shares are

EXHIBIT 1

allocated, a there will be a 1.5 multiplier for each share connected with any D seat orientation attended in Missouri since March 2012. Additionally, individuals who have zero miles as either a B/C seat, A seat, or independent contractor driver but do not otherwise appear in the data will receive 1 orientation share.

      b) The Individual Orientation Class Member Numerators for all Orientation Class Members will be added to obtain the "**Total Orientation Class Member Denominator**."

      c) To determine the "**Orientation Fund Resulting Decimal**" for each Orientation Class Member, the Orientation Class Member's Individual Orientation Class Member Numerator will be divided by the Total Orientation Class Member Denominator.

      d) To determine the settlement share from the Remaining Orientation Class Fund for each Orientation Class Member, the Orientation Fund Resulting Decimal will be multiplied by the Remaining Orientation Class Fund. ("**Orientation Class Member Settlement Share**").

      e) Orientation Class Members who submit Claim/Consent to Join Forms shall receive their Orientation Class Member Settlement Shares. Additionally, any amounts that are not claimed from the Remaining Orientation Class Fund shall be redistributed among Orientation Class Members who submit Claim/Consent to Join Forms in proportion to their allocated amounts from the Remaining Orientation Class Fund. No amount from the Orientation Class Fund shall revert to the Defendant.

      ii.      <u>B/C Seat Class Settlement Allocation:</u> The B/C Seat Class Settlement Allocation shall be composed of payments from the B/C Seat Class Non-Reversionary Fund and the B/C Seat Reversionary Fund.

EXHIBIT 1

a)   Each class member shall be assigned a B/C Seat Decimal as follows, which shall determine their allocations from the B/C Seat Class Non-Reversionary Fund and the B/C Seat Reversionary Fund:

1)   Each B/C Seat Class Member's total number of weeks employed as a B or C seat driver will be multiplied by the number of miles driven as a B or C seat driver and divided by gross earnings while employed as a B or C seat driver.  The resulting calculation for each B/C Seat Class Member is the "**Individual B/C Seat Class Member Numerator**."

2)   The Individual B/C Seat Class Member Numerators for each B/C Seat Class Member will be added to obtain the "**Total B/C Seat Class Member Denominator**."

3)   To determine the "**B/C Seat Resulting Decimal**" for each B/C Seat Class Member, the B/C Seat Class Member's Individual B/C Seat Class Member Numerator will be divided by the Total B/C Seat Class Member Denominator.

b)   B/C Seat Reversionary Settlement Allocation:  The B/C Seat Class Reversionary Fund shall be reduced by the dispute fund amount as set forth in Paragraph C.8, and attorneys' fees as set forth in Paragraph C.5.  The B/C Seat Class Reversionary Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining B/C Seat Class Reversionary Fund**."  The Remaining B/C Seat Class Reversionary Fund shall be allocated among the Putative Class/Collective Members who are members of the B/C Seat Class by multiplying each B/C Seat Class Member's B/C Seat Resulting Decimal by the Remaining B/C Seat Class Reversionary Fund.  The resulting amount shall be the "**B/C Seat Class Reversionary Fund Settlement Share**" for each B/C Seat Class Member.

c)   B/C Seat Non-Reversionary Settlement Allocation:  The B/C Seat Class Non-Reversionary Fund shall be reduced by the minimum allocations as set forth in Paragraph

EXHIBIT 1

DocuSign Envelope ID: 781E31BC-BA9F-474B-8BB5-9CF4D3A2696F

C.1, attorneys' fees as set forth in Paragraph C.5, the service award to Named Plaintiff Haworth, and reasonable settlement and litigation costs as set forth in Paragraphs C.6 and C.7. The B/C Seat Class Non-Reversionary Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining B/C Seat Class Non-Reversionary Fund**." The Remaining B/C Seat Class Non-Reversionary Fund shall be allocated among the Putative Class/Collective Members by multiplying each B/C Seat Class Member's B/C Seat Resulting Decimal by the Remaining B/C Seat Non-Reversionary Fund ("**B/C Seat Class Non-Reversionary Fund Settlement Share**").

      d) B/C Seat Class Members who submit a Claim/Consent to Join Form shall be entitled to their B/C Seat Class Reversionary Fund Settlement Share plus their B/C Seat Class Non-Reversionary Fund Settlement Share ("**B/C Seat Class Settlement Share**"). B/C Seat Class Members who do not exclude themselves and do not submit a Claim/Consent to Join Form shall only be entitled to receive their Minimum Allocation. Amounts allocated from the Remaining B/C Seat Class Member Reversionary Fund to the B/C Seat Class Members who do not submit a Claim/Consent to Join Form shall revert to Defendant. Amounts allocated from the Remaining B/C Seat Class Member Non-Reversionary Fund to B/C Seat Class Members who do not submit a Claim/Consent to Join Form shall be distributed proportionately to those who do submit Claim/Consent to Join Forms by multiplying each B/C Seat Class Member's Resulting Decimal by the unclaimed B/C Seat Class Non-Reversionary Fund.

      iii. **A Seat Class Settlement Allocation**: The A Seat Class Settlement Allocation shall be composed of payments from the A Seat Class Non-Reversionary Fund and the A Seat Reversionary Fund.

EXHIBIT 1

a)  Each class member shall be assigned an A Seat Decimal as follows, which shall determine their allocations from the A Seat Class Non-Reversionary Fund and the A Seat Reversionary Fund:

1)    Each A Seat Class Member's total number of weeks employed as an A seat driver will be multiplied by the number of miles driven as an A seat driver and divided by gross earnings while employed as an A seat driver. The resulting calculation for each A Seat Class Member is the "**Individual A Seat Class Member Numerator.**"

2)    The Individual A Seat Class Member Numerators for each A Seat Class Member will be added up to obtain the "**Total A Seat Class Member Denominator**."

3)    To determine the "**A Seat Resulting Decimal**" for each A Seat Class Member, the A Seat Class Member's Individual A Seat Class Member Numerator will be divided by the Total A Seat Class Member Denominator.

b)    **A Seat Reversionary Settlement Allocation**:  The A Seat Class Reversionary Fund shall be reduced by the dispute fund amount as set forth in Paragraph C.8, and attorneys' fees as set forth in Paragraph C.5. The A Seat Class Reversionary Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining A Seat Class Reversionary Fund**." The Remaining A Seat Class Reversionary Fund shall be allocated among the Putative Class/Collective Members who are members of the A Seat Class by multiplying each A Seat Class Member's A Seat Resulting Decimal by the Remaining A Seat Class Reversionary Fund. The resulting amount shall be the "**A Seat Class Reversionary Fund Settlement Share**" for each A Seat Class Member.

c)    **A Seat Non-Reversionary Settlement Allocation:** The A Seat Class Non-Reversionary Fund shall be reduced by the minimum allocations as set forth in Paragraph C.1,

EXHIBIT 1

attorneys' fees as set forth in Paragraph C.5, the service award to Named Plaintiff Oliveira, and reasonable settlement and litigation costs as set forth in Paragraphs C.6 and C.7. The A Seat Class Non-Reversionary Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining A Seat Class Non-Reversionary Fund**." The Remaining A Seat Class Non-Reversionary Fund shall be allocated among the Putative Class/Collective Members who are members of the A Seat Class by multiplying each A Seat Class Member's A Seat Resulting Decimal by the Remaining A Seat Non-Reversionary Fund ("**A Seat Class Non-Reversionary Fund Settlement Share**").

d)    A Seat Class Members who submit a Claim/Consent to Join Form shall be entitled to their A Seat Class Reversionary Fund Settlement Share plus their A Seat Class Non-Reversionary Fund Settlement Share ("**A Seat Class Settlement Share**"). A Seat Class Members who do not themselves and do not submit a Claim/Consent to Join Form shall only be entitled to receive their Minimum Allocation.  Amounts allocated from the A Seat Class Member Reversionary Fund to the A Seat Class Members who do not submit a Claim/Consent to Join Form shall revert to Defendant.  Amounts allocated from the Remaining A Seat Class Member Non-Reversionary Fund to A Seat Class Members who do not submit a Claim/Consent to Join Form shall be distributed proportionately to those who do submit Claim/Consent to Join Forms by multiplying each B/C Seat Class Member's Resulting Decimal by the unclaimed B/C Seat Class Non-Reversionary Fund.

iv.    **Independent Contractor Class Settlement Allocation:** The Independent Contractor Class Settlement Fund shall be reduced by the dispute fund amount as set forth in Paragraph C.8, and attorneys' fees as set forth in Paragraph C.5. The Independent Contractor Class Fund, as reduced by the foregoing amounts, shall be referred to as the "**Remaining**

EXHIBIT 1

**Independent Contractor Class Fund**." The Remaining Independent Contractor Class Fund shall be allocated among the Putative Class/Collective Members who are members of the Independent Contractor Class and who submit a Claim/Consent to Join Form as follows:

a) Each Independent Contractor Class Member's total number of weeks worked as an Independent Contractor driver will be multiplied by the number of miles driven as an Independent Contractor driver and divided by 65% of gross earnings. The resulting calculation for each Independent Contractor Class Member is the "**Individual Independent Contractor Class Member Numerator**" for each Independent Contractor Class Member.

b) The Individual Independent Contractor Class Member Numerators for each Independent Contractor Class Member will be added to obtain the "**Total Independent Contractor Class Member Denominator**."

c) To determine the "**Independent Contractor Resulting Decimal**" for each Independent Contractor Class Member, the Independent Contractor Class Member's Individual Independent Contractor Numerator will be divided by the Total Independent Contractor Class Member Denominator.

d) To determine the settlement share from the Independent Contractor Class Settlement Fund for each Independent Contractor Class Member, the Independent Contractor Resulting Decimal will be multiplied by the Remaining Independent Contractor Class Settlement Fund. ("**Independent Contractor Class Settlement Share**").

e) Independent Contractor Seat Class Members who submit a Claim/Consent to Join Form shall be entitled to their Independent Contractor Class Settlement Share. Independent Contractor Class Members who do not exclude themselves and do not submit a Claim/Consent to Join Form shall be entitled to receive their Minimum Allocation. Amounts allocated from the

EXHIBIT 1

Independent Contractor Class Fund to the Independent Contractor Class Members who do not submit a Claim/Consent to Join Form shall revert to Defendant.

v.    Two individuals who served as named plaintiffs in *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321 (who signed full releases of claims which would include the claims in this case as part of the settlement), shall not be entitled to receive monies as part of this settlement and shall be excluded from the class. Individuals who participated as class members in the class settlement in *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321 shall be entitled to receive 50% of what would be their total settlement share in this case if they had not participated in that settlement, and their resulting numerators and/or settlement shares will be decreased by 50%. Any amounts not distributed to *Montgomery* plaintiffs and/or class members from this settlement shall be proportionally redistributed to other eligible class members.

vi.    The respective settlement allocations for each Claiming Class Member shall be the sum of his or her respective Class settlement shares as set forth in Paragraph C.2, plus the $100.00 minimum flat payment as set forth in Paragraph C.1. Minimum Participation Class Members shall receive only the $100.00 Minimum Allocation. In either circumstance, the total allocation will be referred to as the "**Settlement Allocation.**"

vii.    Putative Class/Collective Members who exclude themselves will not be entitled to receive amounts from the Settlement Fund and will not be entitled to a Settlement Allocation.

3.    **Settlement Allocation**. For purposes of Notice, Class Members shall be advised of the specific minimum amount that they will receive from the settlement if they submit a Claim/Consent to Join Form, as well as the fact that their total award from the Non-Reversionary

EXHIBIT 1

Funds may increase depending on the number of claimants. One-half of the Settlement Allocation to each Participating Class Member shall represent settlement of that Participating Class Member's claims for alleged unpaid wages pursuant to the FLSA, Missouri Minimum Wage Law and other wage laws, and common laws, which shall be reported on an IRS Form W-2, less applicable taxes and other wage withholdings. The remaining one-half of each Participating Class Member's Settlement Allocation shall represent settlement of that Participating Class Member's claims for alleged liquidated damages pursuant to the FLSA and Missouri Minimum Wage Law, which shall be reported on an IRS Form 1099 as "other income" (reported in Box 3) without any deduction for taxes or other withholdings.

4.    **Payroll Taxes**. Each side shall bear their own share of any payroll taxes. The Defendant will bear the employer's share of payroll taxes which shall be paid separately from the Settlement Fund. The Settlement Administrator will withhold the employees' share of any payroll taxes, which will be borne from the Settlement Fund. Each side shall bear the liability as to their shares of any taxes owed, and the parties shall not be responsible or liable for taxes owed by other parties.

5.    **Attorneys' Fees**. Named Plaintiff's Counsel/Class Counsel will apply for an award of attorneys' fees, costs, and expenses in a total amount not to exceed thirty-three percent (33%) of the Settlement Fund. These amounts will be borne out of the reversionary and non-reversionary funds as determined by the Court, except that the Parties agree that under no circumstance shall more than $4,620,000.00 in attorneys' fees be borne out of the Reversionary Settlement Fund. Amounts for attorneys' fees that are not awarded out of the non-reversionary funds shall be reallocated to the non-reversionary funds (for allocation to Putative Class/Collective Members). Amounts for attorneys' fees that are not awarded out of the reversionary funds shall revert to

EXHIBIT 1

Defendant. The Parties agree and understand that the Court has ultimate authority to accept, reject, or modify the attorneys' fees, and the settlement is not contingent on the Court's approval of the amounts requested for attorneys' fees.

6.    **Service Awards**. Named Plaintiff's Counsel/Class Counsel will apply for reasonable service awards in a total amount not to exceed Seventy-Five Thousand Dollars and No Cents, allocating no more than Fifty Thousand Dollars and No Cents ($50,000.00) for Dominic Oliveira and no more than Twenty-Five Thousand Dollars and No Cents ($25,000.00) for Rocky Haworth, both of whom materially participated in the prosecution of this Litigation ("Service Award"). Of the total Service Award amount, Twenty-Five Thousand Dollars and No Cents ($25,000.00) of the service awards shall be awarded from the Orientation Fund, Twenty-five Thousand Dollars and No Cents ($25,000.00) of the service awards shall be awarded from the A Seat Class Non-Reversionary Fund and Twenty-Five Thousand Dollars and No Cents ($25,000.00) of the service awards shall be awarded from the B/C Seat Class Non-Reversionary Fund. Payment of any Service Award to Named Plaintiffs shall be treated as a non-wage payment for payroll tax purposes. In exchange for the Service Award and other agreements herein, the Named Plaintiffs and Defendant agree to a general and global, mutual release of all known and unknown claims that any party may have against another, or that Named Plaintiffs may have against any subsidiary or affiliate of Defendant, or that any subsidiary or affiliate of Defendant may have against Named Plaintiffs. Amounts from the service awards that are not awarded will be reallocated to the Orientation Class Fund, the A Seat Class Non-Reversionary Fund or the B/C Seat Class Non-Reversionary Fund in shares proportionate to the total amount of each Non-Reversionary Fund (i.e., 50% to the Orientation Class Fund, 25% to the A Seat Class Non-Reversionary Fund, and 25% to the B/C Seat Class Non-Reversionary Fund). The Parties agree

EXHIBIT 1

and understand that the Court has ultimate authority to accept, reject, or modify the Service Awards, and the settlement is not contingent on the Court's approval of the amounts requested for Service Awards.

7. **Costs and Settlement Administration Fees**. If the Court grants preliminary approval of this Agreement, the settlement will be administered by a Settlement Administrator as set forth below in Paragraph F, who will be responsible for establishing a Qualified Settlement Fund ("QSF"), administering the settlement, issuing Settlement Allocation checks, issuing tax forms, calculating taxes, answering Putative Class Member inquiries, sending any necessary follow-up correspondence to Putative Class/Collective Members, and other administration duties necessary to administer the settlement. Reasonable costs and settlement administration fees shall not exceed $225,000.00, which shall be split proportionately between the Orientation Class Fund (50%), the A Seat Class Non-Reversionary Fund (25%) and the B/C Seat Class Non-Reversionary Fund (25%). The Parties agree and understand that the Court has ultimate authority to accept, reject, or modify the award of costs, and the settlement is not contingent on the Court's approval of the amounts requested for the award of costs.

8. **Dispute Fund.** A fund of $200,000.00 shall be set aside to resolve disputes and reasonable late claims. Named Plaintiffs/Class Counsel shall make determinations about who is to be paid (with approval of Defendant's counsel, which approval shall not be unreasonably withheld). Fifty percent of the Dispute Fund shall be taken from the Independent Contractor Class Fund, and twenty-five percent shall be taken from the B/C Seat Class Reversionary Fund, and twenty-five percent shall be taken from the A Seat Class Reversionary Fund. Any funds ultimately left over from this fund shall revert to Defendant.

EXHIBIT 1

D. **Settlement Approval Process**:

1.     *Haworth* **Matter.** The Parties agree to seek the Missouri Court's preliminary approval of the Agreement with respect to the claims of the B/C Seat Class.  Named Plaintiff Haworth will file a Motion for Preliminary Approval of Settlement with the Missouri Court and a Motion to Transfer for Settlement Purposes Only, which is subject to review and approval by Defendant, which approval shall not be unreasonably withheld.  Named Plaintiff Haworth will simultaneously submit a Proposed Order Preliminarily Approving Settlement in the same form as Exhibit D (or, with Defendant's agreement, a Proposed Order in substantially the same form), and that Proposed Order will include:

a.   granting Preliminary Approval to the Settlement for the B/C Seat Class, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.   confirming certification of the *Haworth* Matter as an FLSA collective action for settlement purposes;

c.   certification of the *Haworth* Matter as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only;

d.   designating Named Plaintiff Rocky Haworth as a Class Representative for the B/C Seat Class;

e.   appointing the Crimmins Law Firm, LLC, Hodes Law Firm, LLC and Fair Work, P.C. as Class Counsel pursuant to Rule 23(c)(1)(B) and (g) for settlement purposes only;

f.   approving the Notice substantially in the form of Exhibits A-C for distribution to the B/C Seat Class, and finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified

EXHIBIT 1

with reasonable effort, and constitutes valid, due and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

g. transferring the *Haworth* Matter to the United States District Court for the District of Massachusetts to be consolidated with the case styled *Dominic Oliveira et al. v. New Prime, Inc.*, Civil Action No. 1:15-cv-10603 (D. Mass), for the sole purpose of administering the settlement, including handling any individuals requesting exclusion or objectors, and conducting a Final Fairness Hearing in accordance with the terms of this Agreement; and

h. ordering that the *Haworth* Matter should be transferred back to the United States District Court for the Western District of Missouri in the event that the proposed settlement is not finally approved as set forth in Paragraph D.7.

2. ***Oliveira Matter.*** The Parties agree to seek the Massachusetts Court's preliminary approval of the class and collective action settlement, including the Orientation, B/C Seat, A Seat and Independent Contractor Classes. Named Plaintiff Oliveira will file a Motion for Preliminary Approval of Settlement with the Massachusetts Court and a Motion to Consolidate for Settlement Purposes Only, which is subject to review and approval by Defendant, which approval shall not be unreasonably withheld. Named Plaintiff Oliveira will simultaneously submit a Proposed Order Preliminarily Approving Settlement in substantially the same form as Exhibit E, and that Proposed Order will include:

a. granting Preliminary Approval to the Settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

EXHIBIT 1

DocuSign Envelope ID: 7B1E31BC-BA9F-474B-9BB5-9CF4D3A2696F

b.  certification of the *Oliveira* Matter case for settlement purposes only as a class action under Federal Rule of Civil Procedure 23(b)(3) and as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

c.  designating Named Plaintiff Dominic Oliveira as a class representative;

d.  appointing Fair Work, P.C. as Class Counsel pursuant to Rule 23(c)(1)(B) and (g);

e.  acknowledging that the parties will request that the *Haworth* Matter be transferred from the United States District Court for the Western District of Missouri to the United States District Court for the District of Massachusetts and consolidated with the *Oliveira* Matter for purposes of final settlement approval and ordering that, once the *Haworth* Matter is transferred, the *Oliveira* Court shall accept transfer and preside over the consolidation of the cases and the final settlement approval of the consolidated cases;

f.  acknowledging that the United States District Court for the Western District of Missouri has certified the B/C Seat Class as an FLSA collective action and Rule 23 class action for settlement purposes, appointed Plaintiff Haworth as Class Representative for the B/C Seat Class, and appointing the Crimmins Law Firm, LLC, Hodes Law Firm, LLC and Fair Work, P.C. as Class Counsel for the B/C Seat Class pursuant to Rule 23(g);

g.  acknowledging that the parties will ask the United States District Court for the Western District of Missouri to preliminarily approve the settlement as to the B/C Seat Class pursuant to 29 U.S.C. § 216(b) and Rule 23(g) and that the *Oliviera* Court's preliminary approval Order is contingent upon preliminary approval in the *Haworth* Matter as set forth in paragraph D.7 of the Agreement;

h.  approving the Notice substantially in the form of Exhibits A-C for distribution to all Putative Class/Collective Members, and finding that the Notice to be given constitutes the best

EXHIBIT 1

notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitutes valid, due and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

       i.   directing the Settlement Administrator to distribute the Notice in the form approved by the Court to Putative Class/Collective Members;

       j.   directing that each Putative Class Member who wishes to be excluded from the Settlement Class must exclude himself or herself per the instructions set forth in the Notice;

       k.   directing that any Putative Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound by the Settlement in the event the Court issues a Final Order Approving Settlement;

       l.   scheduling of a Fairness Hearing to determine whether this Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

       m. directing that Class Counsel and/or the Settlement Administrator tabulate communications from Putative Class/Collective Members asking to be excluded from the Settlement Class and shall report the names and addresses of such persons to the Court and to Defendant no less than ten (10) days before the Fairness Hearing;

       n.   directing that Class Counsel file a Motion for Final Settlement Approval, including a Fee and Expense Application and Class Representatives' Service Award Application seven (7) days prior to the Fairness Hearing (or by another date ordered by the Court), and that the Court shall determine in the final settlement approval order in what amount attorneys' fees and reimbursement of costs and expenses, and service awards shall be awarded;

EXHIBIT 1

o. directing that attached to the Motion for Final Settlement Approval shall be a list of all Settlement Class Members who are members of the Independent Contractor Class who have been determined, through the process set forth in Paragraph F.8.c, not to be entitled to a release relating to all monies purportedly owed to Defendant (which list may be filed under seal, but any individuals on that list shall be made aware that they are on the list pursuant to the notice procedures set forth in paragraph F.8 of this Agreement);

p. directing that any Putative Class Member who wishes to object in any way to the proposed Agreement must serve on the Settlement Administrator such written objections per the instructions set forth in the Notice no later than sixty (60) days after mailing of the Notice, together with copies of all papers in support of his or her position;

3. **Objection to Settlement.** Any Class Member who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be sixty (60) days after the mailing of the Class Notice and no less than fifteen (15) business days before the Fairness Hearing), serve any such objection on the Settlement Administrator, who shall promptly forward to Class Counsel and Defendant's Counsel. Any objection to the Agreement must include: (i) the objector's full name, address, email address, and telephone number; (ii) the approximate dates during which the objector attended orientation or drove with Defendant; (iii) a written statement of all grounds for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based (if applicable); (v) a statement whether the objector intends to appear at the Fairness Hearing; and (vi) the objector's signature. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing. Any Class Member who does not serve on the Settlement Administrator a timely written objection

EXHIBIT 1

to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

4.  **Request for Exclusion.** Any Putative Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion from the Settlement by the date specified in the Preliminary Order Approving Settlement (which shall be sixty (60) days after the mailing of the Notice and no less than fifteen (15) business days before the Fairness Hearing). To be effective, the request for exclusion must be sent to the address specified in the Notice and must include (i) the Putative Class Member's full name, address, email address, and telephone number, (ii) approximate dates during which the Putative Class Member attended orientation or drove with Defendant; (iii) a statement that the Putative Class Member requests to be excluded from the settlement and understands that he or she will not be eligible to recover any monies as part of the settlement; and (iv) the Putative Class Member's signature.  Any Putative Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

5.  **Fairness Hearing**.  On the date set forth in the Preliminary Approval Order, the Court will hold a final Fairness Hearing, at which time the Court will decide  (either at the hearing or by subsequent order) (1) whether to certify the Settlement Class, (2) whether to finally approve the Settlement as fair, reasonable, and adequate, and (3) any petitions for attorneys' fees, costs, or service awards.

6.  **Final Approval**: If the Agreement is finally approved by the Court, a Final Approval Order shall be entered as follows:

a.  directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) and 29 U.S.C. § 216(b) *et seq.*;

EXHIBIT 1

DocuSign Envelope ID: 7B1E31BC-BA9E-474B-8BB5-9CE4D3A2696F

b.   granting Plaintiffs' Motion for Final Settlement Approval;

c.   approving the Agreement and dismissing with prejudice all released claims;

d.   declaring that the Agreement is binding on Defendant, the Class Representatives, and all Participating Class Members who have not excluded themselves from the settlement;

e.   dismissing without prejudice the claims of Putative Class/Collective Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement; and,

f.   indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel and the amount of the Class Representatives' service awards.

7.   **Effect of No Approval**:

a.   If either the Massachusetts or Missouri Court does not preliminarily approve this Agreement, including the settlement approval process, the Parties agree to confer and work cooperatively to take all reasonable steps to obtain final settlement approval.

b.   If the Agreement is not finally approved by the Massachusetts Court (and except in the event that the Court simply modifies or rejects the attorneys' fees, Service Awards, and costs requested pursuant to Paragraphs C.5, C.6, C.7), this Agreement will be null and void, and the *Oliveira* Court shall transfer the *Haworth* action back to the United States District Court for the Western District of Missouri.  In the event that occurs, the Parties will bear equally any Settlement Administration costs incurred up to that point.  However, the Parties agree to confer and to work cooperatively to take all reasonable steps to determine the best path to final approval of the settlement and attempt to address any concerns that the Court may have with the proposed settlement.

EXHIBIT 1

**E. <u>Settlement Administrator</u>**. If both Courts grant preliminary approval of this Agreement, the settlement will be administered by JND Legal Administration a third-party administrator ("Settlement Administrator"). Fees and expenses of the Settlement Administrator shall be paid out of the Non-Reversionary Settlement Fund.

**F. <u>Settlement Administration</u>**. The Parties agree to the following procedure for settlement administration:

1.    **Class Contact Information**. Within seven (7) business days after execution of this Agreement and in no event later than the date of the preliminary approval hearing in *Oliveira*, Defendant will provide the names, last known addresses, last known email addresses, and all last known phone numbers for the class period to the Settlement Administrator and Settlement Class Counsel ("Contact Information"), to the extent that information has not already been provided.

2.    **Class Data**. Defendant's Counsel shall produce data requested by Class Counsel that is reasonably necessary for Class Counsel to perform the settlement calculations, with unique identifiers for all Putative Class/Collective Members, as well as a list of the unique identifiers used for all Named Plaintiffs and individuals who have opted in to the *Oliveira* Matter to date. The data to be produced will be materially similar to the data initially produced, in terms of number of class members, weeks worked, miles, earnings, etc. Named Plaintiffs/Class Counsel shall perform the calculations for purposes of the amounts to be listed in class members' notices, within one week after receiving complete data. Class Counsel shall send the preliminary Settlement Allocations to Defendant's Counsel within seven (7) days of receiving the data from Defendant's Counsel. Defendant's Counsel shall notify Class Counsel within three (3) business days of any disputes or issues with the preliminary Settlement Allocations, which shall be resolved promptly.

EXHIBIT 1

Immediately after resolution of any disputes or issues, the preliminary Settlement Allocations shall be provided to the Settlement Administrator.

3.     **Notice Packet and Notice Website**: The Notice of Settlement ("Notice Packet") shall consist of a Notice form, in either electronic (Exhibit A) or paper format (Exhibit B) ("Notice") and Claim/Consent to Join Form (Exhibit C)  and shall be issued in the form substantially similar to that attached hereto and made a part of this Agreement as Exhibits A-C. Additionally, pursuant to the drafting and approval procedures set forth in Paragraph F.4 below, the Settlement Administrator shall create a website that contains the contents of the Notice Packet and gives Putative Class/Collective Members the opportunity to submit a Claim/Consent to Join Form online.  ("Notice Website").  Putative Class/Collective Members for whom Prime has provided email addresses shall receive the Notice Packet via email.  For Putative Class/Collective Members for whom Defendant has not provided email addresses and/or for whom the email addresses are undeliverable, the Notice Packet shall be provided by First-Class Mail.

a.  The Notice Packet shall (1) include information about the different categories of funds, (2) inform Putative Class/Collective Members of their right to do nothing, submit a Claim/Consent to Join Form, exclude themselves from, or object to the settlement, (3) inform Putative Class/Collective Members that they are subject to a release of state and federal unpaid wage claims, contract and quasi-contract claims, and any other claims related to unpaid wages or compensation that were or could have been brought in the Litigation, if they do not exclude themselves from the settlement, (4) inform Putative Class/Collective Members of the non-monetary release described in Paragraphs G.4-5 and provide them with information about the potential tax consequences; and (5) list the Minimum Allocation that the individual would receive from the settlement and advise them of their right to claim a larger portion of the Settlement Fund.

EXHIBIT 1

The Notice Packet shall advise Putative Class/Collective Members how to submit the Claim/Consent to Join Form, including that it may be completed electronically or sent in by mail, email, or facsimile and shall also include the address of the Notice website. The Notice Packet shall also advise Putative Class/Collective Members of how they can request exclusion from or object to the settlement.

b. The Claim/Consent to Join Form shall request the Putative Class/Collective Member's address, and shall request (but not require) identifying information such as date of birth, last four digits of Social Security Number or Tax Identification Number. In the event that the date of birth, last four digits of the Social Security Number, or tax ID number are not included and are necessary to identify the Putative Class/Collective Member, the settlement administrator shall follow up with the Putative Class/Collective Member to obtain such information (but the lack of that information shall not render the claim form invalid).

c. The Notice Packet shall be made available to Putative Class/Collective Members in English and Spanish and in up to three other languages common to members of the class, as determined by Named Plaintiffs/Class Counsel.

4. **Draft Notice Materials**: Within three weeks of receipt of the Contact Information and Settlement Allocations, the Settlement Administrator shall create a Notice Packet for each Putative Class Member, consistent with Paragraph F.3, as well as a draft of the Notice website, consistent with Paragraph F.3. Each Putative Class Member's Notice Packet shall include the unique identifier referenced in paragraph F.2, *supra*, on both the Notice and the Claim/Consent to Join Form. Copies of said Notice Packets, as well as a draft copy of the Notice website, will be delivered to the Parties' counsel via email in pdf format and via a link to the draft website for review and approval, which shall not be unreasonably withheld. The Parties' counsel shall have

EXHIBIT 1

seven (7) business days to advise the Settlement Administrator of any changes or corrections to the Notice Packets, or Notice website, or approve the same. In the event non-substantive changes to any of the Notice Packets, or website, are requested by the Settlement Administrator or the Parties, and provided the changes are consistent with this Agreement, the Parties may edit and shall endeavor to promptly finalize the Notice Packets and website.

5. **Issuance of Notice**:

a. Within three weeks of approval of the Notice Materials by the Parties, as is set forth in Paragraph F.4, the Settlement Administrator shall issue the Notice Packets and publish the Notice website. The Notice packets shall be delivered to Putative Class/Collective Members via email.

b. For Putative Class/Collective Members whose email bounces back, the Notice Packet shall also be sent by first-class mail (to the last known address and/or the address discovered using skip tracing), along with a postage pre-paid envelope. The Settlement Administrator will make reasonable efforts to obtain valid current addresses for Putative Class/Collective Members through the National Change of Address database, or other similar database, prior to mailing the initial Notice Packets. If any initial Notice Packet to Putative Class/Collective Members is returned via the U.S. Postal Service as undeliverable, the Settlement Administrator shall make reasonable efforts to obtain valid, current addresses for the Putative Class/Collective Members and the Notice Packet will be promptly re-mailed to the updated address. If, an alternate mailing address cannot be located, or if after an email, and a second mailing of the Notice Packet, the Notice Packet is returned by the U.S. Postal Service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable notice to that Class Member.

EXHIBIT 1

c.   When Notice Packets are resent to Putative Class/Collective Members, the Putative Class/Collective Members shall be given at least thirty (30) days from the date on which the Notice Packets are resent to timely submit a Claim/Consent to Join Form.

d.   A reminder email or postcard shall go out to Putative Class/Collective Members who have not claimed halfway through the claim period. The reminder shall go out by email only to drivers with email addresses from which the Settlement Administrator did not receive a bounce-back. For those for whom emails bounce back, the reminder shall be sent as a postcard by first-class mail. The reminder shall include the address of the website, as well as contact information for the Settlement Administrator and Named Plaintiffs/Class Counsel. The Settlement Administration shall notify the Parties' counsel upon the emailing of the Notice Packets and reminder emails/postcards.

6.    **Claim Deadline.** Putative Class/Collective Members shall have sixty (60) days from emailing of the Notice Packets to submit the Claim/Consent to Join Form. ("Claim Deadline"). Claim/Consent to Join Forms may be submitted electronically or sent by mail, email, or facsimile. Putative Class/Collective Members shall be permitted to use any form of the Claim/Consent to Join Form to submit a valid claim (not just the form sent to them specifically). The Parties may jointly agree in writing to extend the Claim Deadline for one or more Putative Class/Collective Members. All Putative Class/Collective Members who do not request exclusion from the settlement will receive a minimum payment regardless of whether they submit a Claim/Consent to Join Form. Putative Class/ Collective Members who submit a Claim/Consent to Join Form will receive payment according to the formula set forth in Paragraph C.2.b.vi. Class Counsel will file with the Court all submitted Claim/Consent to Join Forms, after redaction of any personal identifying information that may appear on the forms.

EXHIBIT 1

7.    **Settlement Administration Updates**. The Settlement Administrator will provide regular updates about the Settlement Administration process to the Parties' Counsel and/or the Court as may be appropriate in connection with Final Fairness Hearing. The Settlement Administrator will also provide copies of all completed Claim/Consent to Join Forms to the Parties on at least a bi-weekly basis.

8.    **Communications with Putative Class/Collective Members and Dispute Resolution Process**:

a.    If the Settlement Administrator receives inquiries from any Putative Class/Collective Members who disagrees with, or has concerns about, his or her Settlement Allocation, the Settlement Administrator shall promptly provide this information to Named Plaintiffs/Class Counsel who shall make an initial determination about whether there is an issue that should be resolved via the Dispute Fund.  After making an initial determination that an issue should be resolved out of the Dispute Fund, Named Plaintiffs/Class Counsel shall seek approval of the proposed allocation from the Dispute Fund from Defendant's Counsel, which approval shall not be unreasonably withheld.

b.    If the Settlement Administrator receives a late Claim/Consent to Join Form from any Putative Class Member, the Settlement Administrator shall promptly provide this information to Named Plaintiffs/Class Counsel who shall make an initial determination about whether the late Consent to Join/Claim Form should be resolved via the Dispute Fund.  After making an initial determination that an issue should be resolved out of the Dispute Fund, Named Plaintiffs/Class Counsel shall seek approval on the proposed allocation from the Dispute Fund from Defendant's Counsel, which approval shall not be unreasonably withheld.

EXHIBIT 1

c.  Within fourteen (14) days of Defendant being provided completed Claim/Consent to Join Forms pursuant to Paragraph F.6 for any Putative Class/Collective Member who is an Independent Contractor Class Member, Defendant will advise the Settlement Administrator and Named Plaintiffs/Class Counsel if Defendant believes that the Claiming Class Member destroyed, damaged or stole Prime property, and provide sufficient detail regarding the alleged damage or theft such that the Settlement Administrator and/or Named Plaintiffs/Class Counsel can investigate and communicate with the Claiming Class Member about (1) a possible cure (i.e., return and/or repair of Prime property), in which case the Claiming Class Member shall be entitled to the release under this section; and/or (2) any dispute regarding Prime's claim that the Claiming Class Member has destroyed, damaged or stolen Prime property.

d.  After the Settlement Administrator and/or Named Plaintiffs/Class Counsel has conferred with the Claiming Class Member, Named Plaintiffs/Class Counsel will confer with Defendant's Counsel about whether a dispute exists regarding the alleged damage or theft and/or whether a cure can be implemented.  If the Parties cannot resolve the disputes among themselves, the Settlement Administrator shall make a determination.  If the dispute cannot be resolved by the Settlement Administrator, it shall be resolved by binding arbitration before D. Charles Stohler, Esq.  Mr. Stohler's fees shall be paid out of the Dispute Fund.  If a dispute is resolved in whole or in part in favor of the Independent Contractor Class Member, then Defendant shall release entitlement to monies as to such Independent Contractor Class Member (in whole or in part, depending on the resolution of the dispute).

e.  The Settlement Administrator shall keep a list of these individuals' names and the outcome of the dispute, including specifically identifying who is entitled to the release set forth in

EXHIBIT 1

Paragraph G.5 and who is not entitled to the release set forth in Paragraph G.5. This list shall be provided to the Court in connection with final approval of the settlement.

9.    **Qualified Settlement Fund**: The settlement administrator shall be responsible for establishing a Qualified Settlement Fund. Defendant shall deposit $21,000,000 of the Settlement Fund into a Qualified Settlement Fund established by the Settlement Administrator within sixty (60) days after an order granting preliminary approval by the United States District Court for the District of Massachusetts. Defendant shall deposit the remaining amounts owed, if any, based upon claims made, within 30 days after the close of the claim period.

10.    **Final Settlement Allocations**: Within ten (10) business days after the Effective Date, Named Plaintiffs/Class Counsel, in connection with the Settlement Administrator, shall review any remaining non-reversionary funds and calculate the allocation portion of those funds for each Class Member in accordance with the formula set forth in Paragraph C. The Settlement Administrator and/or Named Plaintiffs/Class Counsel will share these final calculations with Defendant's Counsel who shall have five (5) business days to provide any objections to the final allocations.

11.    **Settlement Payments**.

a.    **Settlement Checks**. The Settlement Administrator shall issue payment from the Settlement Fund to Class Counsel for the Court-approved attorneys' fees and costs, to the Named Plaintiffs for the Court-approved service awards, and for the final settlement allocations to Participating Class Members within thirty (30) days after the Effective Date. The payments may be made via check.

b.    **Reissuing of Payments**. If any settlement checks are returned as undeliverable, the Settlement Administrator shall promptly attempt to locate the person (including using the Social

EXHIBIT 1

Security Number of that Participating Class Member). Upon request by a Participating Class Member, the Settlement Administrator will promptly reissue checks that were mailed but not cashed by the Participating Class Member, during the 180-day time period to deposit/cash checks from the settlement. Any settlement check that remains undeliverable or is not cashed after the 180 days following its issuance shall be cancelled and voided, and the Settlement Administrator shall deliver any uncashed or uncollected but claimed funds to the appropriate state Unclaimed Property Division. Within ten (10) business days of the transfer of any unclaimed funds of Participating Class Members to an Unclaimed Property Fund, the Settlement Administrator will notify Defendant and Class Counsel, identifying the Participating Class Members who did not cash or collect their Settlement Allocation checks, along with the amount of unclaimed funds remitted and identification of the specific state Unclaimed Property Fund to which the funds were remitted.

      c.   Unclaimed reversionary funds shall be returned to Defendant within sixty (60) days after Class Members' checks are issued.

**G. <u>Release</u>.**

      1.   Upon the Effective Date, and in consideration for the service awards, Named Plaintiffs and Defendant hereby release each other from any and all legal, equitable or other claims, counterclaims, actions, causes of action or damages, and any past, present or future duties, responsibility, or obligations, known or unknown, existing at any time prior to May 8, 2020, including but not limited to any claims or counterclaims that were or could have been filed in the Litigation.

      2.   Upon the Effective Date, the release of claims of Participating Class Members shall become effective to the fullest extent allowed by law. Participating Class Members will release all federal and state unpaid wage claims, contract and quasi-contract claims, and any other claims

EXHIBIT 1

related to unpaid wages or compensation that were or could have been brought against Prime (or its subsidiaries and affiliates) in the *Oliveira* and/or *Haworth* cases to the fullest extent allowed by law.  This release will be limited to claims that arose in the course of the Participating Class Members' relationship with Defendant at any time prior to this Agreement through May 8, 2020.

3.       The Claim/Consent to Join form will advise Class Members of this release. Furthermore, within thirty (30) days of the Effective Date, Minimum Participation Class Members will be sent their minimum allocation check, as set forth in Paragraph C.2.b.vi.  Checks issued pursuant to this Paragraph will further contain release language on the back of the check in substantially the same form as the following "By endorsing this check, I agree to be bound by the *Oliveira* and *Haworth* settlement and release all federal and state unpaid wages claims, contract and quasi-contract claims, and any other claims related to unpaid wages or compensation that were or could have been brought in the *Oliveira* and/or *Haworth* cases against New Prime and its subsidiaries and/or affiliates."

4.       Upon the Effective Date, Defendant shall release entitlement to and shall not pursue (and/or shall discontinue) any collection efforts relating to all monies purportedly owed to Defendant by Named Plaintiffs or Participating Class Members who are members of the Orientation, A or B/C Seat Classes and, either currently or at the time of their departure from Prime, were in orientation, a B/C seat position, or an A seat company position. This includes Defendant taking all action to cease any collection of these monies by third party collection agencies and/or any collection of these monies through deductions from drivers' pay (for work for Defendant or for any other entities).

5.       Upon the Effective Date, Defendant shall release entitlement to and shall not pursue (and/or shall discontinue) any collection efforts relating to all monies purportedly owed to

EXHIBIT 1

Defendant by Claiming Class Members who are members of the Independent Contractor Class, file a Claim/Consent to Join Form, and were in an independent contractor driving position either currently or at the time of their departure from Prime, unless the individual Claiming Class Member participated in the dispute resolution process and, through that process, it was determined that Prime retains its rights to pursue some or all monies and property owed. The individuals for whom Prime is not releasing entitlement to monies purportedly owed shall be included as an attachment to the Motion for Final Settlement Approval.

6.    It is the intention of the Parties and their Counsel that these releases be fully enforceable in accordance with this Agreement.

7.    Putative Class/ Collective Members who request exclusion from the settlement will not release any federal or state wage and hour claims, if any.

H. **Representations:** In furtherance of Paragraphs G.4 and G.5, Prime further represents that (1) it is not an "applicable entity" pursuant to 26 U.S.C. § 6050P(c) and 26 C.F.R. §§ 1.60P-1(b)(2)(i)(E) and 1.605P-2(c) because it is not a financial institution and/or a direct or indirect subsidiary of a financial institution and lending money is not a significant part of its business and (2) its agreement to release drivers from the monies described in Paragraphs G.4 and G.5 is not an "identifiable event" triggering reporting requirements because the Parties' agreement in Paragraphs G.4 and G.5 is not a discharge of debt but instead is an agreement not to enforce certain contractual provisions. Moreover, the parties agree and acknowledge that the Named Plaintiffs, on behalf of the putative class and collective, dispute the validity and enforceability, as well as the amount of, any debts or monies purportedly owed to Prime.

EXHIBIT 1

**I.   Other Non-Monetary Relief.**

1.     Credit Reporting by Defendant.  After final approval of this Agreement, Defendant will use its best efforts to request that the national credit reporting agencies (Experian, Equifax and TransUnion) delete any reporting of the trade line(s) with respect to Participating Class Members' drivers' accounts with Prime in connection with the release pursuant to Paragraphs G.4 and G.5.

2.     Hire Right Reporting. If a driver requests by letter to HireRight that records of a default to Prime and/or related entities be corrected in accordance with the release of Prime's entitlement to monies, and to the fullest extent permitted by law, Prime agrees to provide a timely letter to HireRight with a copy to the requesting driver that any defaults owing to Prime and/or related entities (as described in Paragraphs G.4 and G.5) have been rescinded by mutual agreement.

3.     Driver References.  Prime and related entities shall give no new or additional negative references to any driver for having allegedly defaulted on any amounts released pursuant to Paragraphs G.4 and G.5.

**J.   Tax Treatment.**

1.     For tax purposes, one-half of each Participating Class Member's Settlement Allocation shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2. The remaining one-half of the settlement amount shall be deemed compensation for interest, penalties, and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099.

2.     Attorneys' fees and costs paid pursuant to Paragraph C.5 shall be paid without withholding and shall be reported to the IRS and Class Counsel on an IRS Form 1099 under Class

EXHIBIT 1

Counsel's names and taxpayer identification numbers, which Class Counsel shall provide for this purpose.

3.    Prime shall not issue 1099 forms or other tax forms to the drivers for the releases provided above in Paragraphs G.4 and G.5 because no compensatory payment will issue. This provision shall be enforceable to the fullest extent allowable by law.

4.    Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

5.    Each side shall bear the liability as to their share of any taxes owed, and the parties shall not be responsible or liable for taxes owed by other parties.

**K.  Service or Notice**. Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defendant, Defendant's Counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below:

As to Class Counsel or Plaintiffs:

Hillary Schwab
**FAIR WORK, P.C.**
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261 Telephone
(617) 488-2261 Facsimile
hillary@fairworklaw.com

Virginia Stevens Crimmins
Matthew Crimmins
**CRIMMINS LAW FIRM LLC**
214 S. Spring Street
Independence, MO 64050
(816) 974-7220 Telephone
(855) 974-7020 Facsimile
v.crimmins@crimminslawfirm.com
m.crimmins@crimminslawfirm.com

Garrett M. Hodes
**HODES LAW FIRM, LLC**

EXHIBIT 1

900 Westport Rd., 2nd Floor
Kansas City, MO 64111
(816) 931-1718 Telephone
(816) 994-6276 Facsimile
garrett@hodeslawfirm.com
As to Defendant:

Michele L. Maryott
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612
(949) 451-3945 Telephone
(949) 475-4668 Facsimile
mmaryott@gibsondunn.com

Amanda C. Machin
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
(202) 887-3705 Telephone
(202) 530-4244 Facsimile
amachin@gibsondunn.com

**L.  No Admission of Liability**. By entering into this Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the Parties agree that none of them has prevailed, nor shall this Agreement be construed as evidence that any party has prevailed in this matter or that any alleged damages exist. This Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Agreement or an effort to enforce this Agreement.

**M. Choice of Law**. The enforcement of this Agreement shall be governed and interpreted by and under the laws of the Commonwealth of Massachusetts whether or not any party is or may hereafter be a resident of another state.

**N. Extension of Time**. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice to the Court, subject to Court approval as to Court dates.

EXHIBIT 1

**O. <u>No Waivers, Modifications, Amendments</u>**. This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**P. <u>Court Retains Jurisdiction To Enforce Agreement</u>**. The United States District Court for the District of Massachusetts shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement.

**Q. <u>Agreement to Cooperate</u>**. The Parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**R. <u>Counterparts</u>**. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representatives and Defendant had signed the same instrument. Any signature made electronically and/or transmitted by facsimile

EXHIBIT 1

for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

    **S.** **Corporate Signatories**. Each party executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person is duly authorized by such corporation to execute this Agreement or any such related documents.

    **T.** **Captions**. The captions or headings of the Paragraphs in this Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Agreement.

**Named Plaintiff**

By: *Dominic Oliveira*
_____
Name: __Dominic Oliveira_____

Date: __7/20/2020_____

**New Prime, Inc.**

By: _____
Name: _____
Title: _____

Date: _____

**Named Plaintiff**

By: _____
Name: __Rocky Haworth_____

Date: _____

EXHIBIT 1

for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

    **S.**  **Corporate Signatories**. Each party executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person is duly authorized by such corporation to execute this Agreement or any such related documents.

    **T.**  **Captions**. The captions or headings of the Paragraphs in this Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Agreement.

**Named Plaintiff**

**By:** _____
**Name:** __Dominic Oliveira_____

**Date:** _____

**New Prime, Inc.**

**By:** _____
**Name:** _____
**Title:** _____

**Date:** _____

**Named Plaintiff**

**By:** _Rocky Haworth_____
**Name:** __**Rocky Haworth**_____

**Date:** __Jul 20 2020_____

Page 42 of 42

EXHIBIT 1

for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

**S.   Corporate Signatories**. Each party executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person is duly authorized by such corporation to execute this Agreement or any such related documents.

**T.   Captions**. The captions or headings of the Paragraphs in this Agreement are inserted for convenience or reference only and shall have no effect upon the construction of interpretation of any part of this Agreement.


**Named Plaintiff**

By: _____
Name: **Dominic Oliveira**

Date: _____


**New Prime, Inc.**

By: _____
Name: STEVE CRAWFORD
Title: GENERAL COUNSEL

Date: 1/20/20


**Named Plaintiff**

By: _____
Name: **Rocky Haworth**

Date: _____


Page 42 of 42

EXHIBIT 1

# Exhibit A

EXHIBIT 1

DocuSign Envelope ID: 781E31BC-BA9F-474B-8BB5-9CE4D3A2696F

# NOTICE OF SETTLEMENT

## YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE ENTITLED TO MONEY FROM A SETTLEMENT WITH NEW PRIME, INC.

### <u>YOU MUST TAKE ACTION BY [INSERT DATE] TO RECEIVE YOUR MAXIMUM SHARE</u>

# This Notice affects your rights. Please read it carefully.

AVISO IMPORTANTE A MIEMBROS POTENCIALES DEL COLLECTIVO – Para español, haga clic aqui.

**This is not a solicitation from a lawyer. The United States District Courts (the "Courts") for the District of Massachusetts and the Western District of Missouri authorized this Notice.**

**TO**:    **«First_Name» «Last_Name»**
           **<<Class Settlement Driver Code >>**

**RE:    Settlement of Claims for Alleged Unpaid Wages and All Related Claims for Relief**

- A settlement has been reached between Dominic Oliveira and Rocky Haworth ("Class Representatives") and New Prime, Inc. ("Prime") regarding Plaintiffs' claims that Prime improperly paid drivers, in violation of the Fair Labor Standards Act ("FLSA"), Missouri Minimum Wage Law ("MMWL") and related laws.

- For settlement purposes, the Courts have preliminarily certified a class and collective action of all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time since October 2, 2012 through May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time since March 4, 2010 through May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, 8:17-00321(C.D. Cal.).

- You are receiving this Notice because you have been identified as a Class Member. This Notice is to inform you about the settlement and your rights related to the same.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **JOIN THE SETTLEMENT AND RECEIVE YOUR MAXIMUM SHARE** | If you wish to receive your maximum share of the settlement, you must fill out and return or submit online the attached Claim/Consent to Join Form no later than [**insert date 60 days**]. By doing so, you will receive a minimum settlement payment of <<Settlement_Amount>>, which has been calculated as described in Section 3 below. |
| **DO NOTHING** | If you choose to do nothing, you will be eligible to receive a minimum settlement payment, described below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you choose to exclude yourself from the settlement by [**insert date**], you will not receive any payment and will not be considered a part of this settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the settlement. |

**For more information about the settlement, please visit the website: [insert website address].**

EXHIBIT 1

| 1.   What is this litigation about? |
|---|

Plaintiff Dominic Oliveira filed a lawsuit in United States District Court for the District of Massachusetts on March 4, 2015 on behalf of himself and other similarly situated trainees and drivers for Prime in a case entitled *Oliveira v. New Prime, Inc.*, Case No. 1:15-CV-10603.  This lawsuit alleged violations of the FLSA and state wage and hour laws.  Specifically, the lawsuit alleged that Prime failed to properly pay trainees during orientation at Prime, and that Prime's pay practices with respect to employee drivers and independent contractors violated federal and state wage and hour laws.  Plaintiff Rocky Haworth filed a lawsuit in the United States District Court for the Western District of Missouri on January 22, 2019 on behalf of himself and other similarly situated B and C seat drivers employed at Prime in a case entitled *Haworth v. New Prime, Inc.*, Case No. 6:190-CV-003025-RK. This lawsuit alleged that Prime's compensation of B and C seat drivers violated the FLSA and Missouri wage laws.  Prime denied and continues to deny the allegations in these cases.  However, Prime wishes to settle these cases to avoid continued costly and time-consuming litigation.

| 2.   Who is included in the Settlement Class? |
|---|

The following class and collective action has been certified for settlement purposes: all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time from October 2, 2012, to May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time from March 4, 2010, to May 8, 2020 (the "Class Period"), except for the named plaintiffs in *Montgomery v. New Prime, Inc*., 8:17-00321 (C.D. Cal.).

| 3.   What are the Benefits and Terms of the Settlement? |
|---|

To settle this case, Prime has agreed to pay a total of up to $28,000,000.00 (the "Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees.

If the Court approves the settlement, you are eligible to receive a portion of the Settlement Fund, after payment of attorneys' fees and costs and Service Awards to the Class Representatives.  If the Court approves the settlement and you do nothing, you shall receive a minimum payment of $100, less applicable tax withholdings, in exchange for releasing your claims (See Section 6).  If the Court approves the settlement and you file a Claim/Consent to Join Form, you will be entitled to receive an additional amount.  The parties have endeavored to divide the Settlement Fund in a fair way.  The Settlement Fund will be allocated in the following ways:

- ***Orientation Class Fund***:  Individual allocations of this fund will be based on the type of training or orientation you attended and the location where you attended it.
- ***B/C Seat Class Fund***:  Individual allocations of this fund will be based on: the miles driven in B or C seat status, compared to the gross earnings during that time.
- ***A Seat Class Fund***:  Individual allocations of this fund will be based on: the miles driven in A seat status as an employee driver (also known as "company driver"), compared to the gross earnings during that time.
- ***Independent Contractor Class Fund***:  Individual allocations of this fund will be based on: the miles driven in A seat status as an independent contractor, compared to 65% of the gross revenues earned during that time.

EXHIBIT 1

Additionally, individuals who have already received monies as part of another class action settlement in California against New Prime, Inc. will receive a 50% share from this settlement. Under these formulas, if the settlement is approved by the Court and you join the settlement, you will receive a settlement payment no less than the estimated gross amount of «Settlement_Amount». You may also be eligible to be paid additional amounts from the settlement depending on how many individuals submit forms to participate in the settlement.

One-half of each Settlement Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes, and reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest, penalties and liquidated damages, and will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement, including the non-monetary relief provided pursuant to the settlement, which is described below.

In addition to the monetary relief above, as a part of the settlement, if approved, Prime has agreed (1) to release entitlement to and not pursue any collection efforts relating to all monies purportedly owed to Prime by Class Members who either currently or at the time of their departure from Prime were in orientation, a B/C seat position, or an A seat company position; (2) to release entitlement to and not pursue any collection efforts related to all monies purportedly owed to Prime by Class Members who file a Claim/Consent to Join form and who either currently or at the time of their departure from Prime were in an independent contractor driving position (with the exception of certain independent contractors who may have destroyed, damaged or stolen Prime property); (3) to use best efforts to request that the national credit reporting agencies (Experian, Equifax and TranUnion) delete any reporting of drivers' accounts with Prime in connection with any monies released as described above; and (4) upon a driver's request to HireRight, provide a time letter to HireRight with a copy to the requesting driver that any defaults owing to Prime and/or related entities have been rescinded by mutual agreement. For more information about this additional relief and the extent to which it applies to you, please visit [**INSERT WEBSITE**] or contact the Settlement Administrator (contact information in Section 10, below).

### 4.  Who is Class Counsel?

The Court has appointed Hillary Schwab and Rachel Smit of Fair Work, P.C. of Boston, Massachusetts as Class Counsel to represent the Settlement Class and Virginia Stevens Crimmins, and Matthew R. Crimmins of the Crimmins Law Firm LLC of Independence, Missouri, Garrett M. Hodes of the Hodes Law Firm, LLC of Kansas City, Missouri, and Ms. Schwab as Class Counsel to represent members of the Settlement Class relating to claims for unpaid wages while driving as B and/or C seat drivers.   The contact information for Class Counsel is listed below in Section 10.

### 5.  How much are Attorneys' Fees, Expenses and Service Awards to Class Representatives?

Class Counsel pursued these cases on a contingent fee basis and has not received any payment of fees or reimbursement of their out-of-pocket expenses related to litigation or recovery on behalf of the Class. As part of the settlement, subject to approval, Class Counsel will apply for attorneys' fees in an amount not to exceed $9,240,000.00, which is 33% of the Settlement Fund. Additionally, Class Counsel will apply for reimbursement of litigation costs (including the costs of having a Settlement Administrator administer this settlement) in an amount not to exceed $225,000.00.  The payment for attorneys' fees and litigation costs to Class Counsel will be recovered from the Settlement Fund. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Counsel will

EXHIBIT 1

also ask the Court to approve Service Awards to the Class Representatives in an amount not to exceed $50,000.00 to Mr. Oliveira and $25,000.00 to Mr. Haworth.

| **6.   What happens if the Court Approves the Settlement?** |
| --- |

If the Court approves the proposed Settlement, these cases will be dismissed with prejudice on the merits as to all Class Members who do not exclude themselves the settlement. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Prime to the fullest extent allowed by law. Specifically, Class Members who do not exclude themselves from the Settlement and/or who endorse their respective settlement check(s), will release all federal and state wage and hour claims, contract and quasi-contract claims, and any other claims that relate to unpaid wages or compensation that arose in the course of such Class Member's attending training to become a truck driver for Prime from March 4, 2010 to May 8, 2020 and/or driving for Prime either as an employee driver, and/or as an independent contractor driver who has leased their trucks through Prime, at any time from October 2, 2012 to May 8, 2020 to the fullest extent allowed by law.

Class Members who validly and timely request exclusion from the Settlement will not be entitled to receive money or other relief as part of this settlement and will not release any claims.

| **7.   What happens if the Court does not approve the Settlement?** |
| --- |

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

| **8.   When is the Fairness Hearing?** |
| --- |

A hearing will be held before the Honorable Patti B. Saris, Chief Judge, in the United States District Court for the District of Massachusetts on [**INSERT DATE**] at 1 Courthouse Way - Suite 2300, Boston, MA 02210. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate as to the Class and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as a Service Award to the Class Representatives. The time and date of this hearing may be changed without further notice.  To confirm that the hearing is going forward on the scheduled date and time and/or to inquire about appearing at the hearing by telephone rather than in person, please contact the Settlement Administrator or Class Counsel (contact information in Section 10, below).

| **9.   What are my options regarding the Settlement?** |
| --- |

If you are receiving this Notice, you have the following options:

a.   **Do Nothing:**  If you choose to do nothing, you will receive the minimum settlement payment of **$100.00**, and you will release your wage claims against Prime (and its subsidiaries and affiliates) as described herein.

b.   **Join the Settlement and Receive your Maximum Settlement Share:** If you wish to join the settlement and receive your maximum share, you must return a Claim/Consent to Join Form no later than [**insert date 60 days from mailing**].

EXHIBIT 1

<div style="border: 1px solid black; text-align: center;">

**CLICK HERE TO JOIN THE
SETTLEMENT**

</div>

You may submit your Form by visiting the Administrator's website at **[insert Administrator's website].** You may also submit your Form to the Administrator via mail, email, or facsimile at the following address: [**Administrator Contact Information**]. If you received this Notice via U.S. Mail, an addressed and postage paid envelope is enclosed for your convenience. Your signed Form must be submitted electronically or by facsimile or postmarked by **[insert date 60 days]**.

      c.     **Request Exclusion from the Settlement:** If you wish to be excluded from the settlement, you must request exclusion no later than [**insert date 60 days**]. Your request for exclusion from the settlement must contain the following information: (1) your full name, address, email address, and telephone number; (2) the approximate dates of your relationship with Prime; (3) a statement that you request to be excluded from the settlement and understand that you will not be eligible to recover any monies as part of the settlement; and (4) your signature. You may submit a request for exclusion by mail, email, or facsimile at the following address: [**Administrator Contact Information**]. **If you exclude yourself from the settlement, you will <u>not</u> receive any monies from the settlement**.

      d.     **Object to the Settlement:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the settlement and/or to the Class Counsel's request for attorneys' fees and expenses, and/or to the Service Awards for the Class Representatives. If you object and the settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the Litigation, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

      If you object to the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the Service Awards for the Class Representatives, you must, on or before [**INSERT 60 days**]: (1) file with the Clerk of the United States District Court for the District of Massachusetts, and (2) serve upon the Settlement Administrator at [**Administrator Contact Information**], a written objection including: (a) your full name, address, email address, and telephone number, (b) the approximate dates of your relationship with Prime, (c) a written statement of all grounds for the objection, (d) copies of any papers, briefs, or other documents upon which the objection is based (if applicable), (e) a statement of whether you intend to appear at the Fairness Hearing, and (f) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. If you object to the settlement but would like to receive the full amount to which you are entitled if your objection is overruled by the Court, then you **must** submit a Claim/Consent to Join Form in addition to your objection no later than [**insert date 60 days from mailing**]. If you submit an objection but do not submit a Claim/Consent to Join Form and your objection is overruled, then you will receive only the minimum payment of $100.00.

EXHIBIT 1

**10. Are there more details available?**

If you have any questions or require additional information, please contact the Administrator at the following contact information:  [**Administrator Contact Information**]

You may also contact the Class Counsel at the following contact information:

| | | |
|---|---|---|
| Hillary Schwab | Virginia Stevens Crimmins | Garrett M. Hodes |
| Rachel Smit | Matthew Crimmins | Hodes Law Firm, LLC |
| Fair Work, P.C. | Crimmins Law Firm LLC | 900 Westport Rd., 2nd Floor |
| 192 South Street, Suite 450 | 214 S. Spring Street | Kansas City, MO 64111 |
| Boston, MA 02111 | Independence, MO 64050 | Telephone:  855-635-7890 |
| Telephone:  617-607-3261 | Telephone:  855-974-0777 | Email:[insert]@hodeslawfirm.com |
| Email: [insert]@fairworklaw.com | Email:[insert]@crimminslawfirm.com | |

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER**

EXHIBIT 1

# Exhibit B

EXHIBIT 1

# NOTICE OF SETTLEMENT

## YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE ENTITLED TO MONEY FROM A SETTLEMENT WITH NEW PRIME, INC.

## YOU MUST TAKE ACTION BY [INSERT DATE] TO RECEIVE YOUR MAXIMUM SHARE

# This Notice affects your rights. Please read it carefully.

**This is not a solicitation from a lawyer. The United States District Courts (the "Courts") for the District of Massachusetts and the Western District of Missouri authorized this Notice.**

**TO**:    «First_Name» «Last_Name»
           <<Class Settlement Driver Code >>

**RE:**    **Settlement of Claims for Alleged Unpaid Wages and All Related Claims for Relief**

- A settlement has been reached between Dominic Oliveira and Rocky Haworth ("Class Representatives") and New Prime, Inc. ("Prime") regarding Plaintiffs' claims that Prime improperly paid drivers, in violation of the Fair Labor Standards Act ("FLSA"), Missouri Minimum Wage Law ("MMWL") and related laws.

- For settlement purposes, the Courts have preliminarily certified a class and collective action of all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time since October 2, 2012 through May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time since March 4, 2010 through May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, 8:17-00321(C.D. Cal.).

- You are receiving this Notice because you have been identified as a Class Member. This Notice is to inform you about the settlement and your rights related to the same.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **JOIN THE SETTLEMENT AND RECEIVE YOUR MAXIMUM SHARE** | If you wish to receive your maximum share of the settlement, you must fill out and return or submit online the attached Claim/Consent to Join Form no later than [**insert date 60 days**]. By doing so, you will receive a minimum settlement payment of <<Settlement_Amount>>, which has been calculated as described in Section 3 below. |
| **DO NOTHING** | If you choose to do nothing, you will be eligible to receive a minimum settlement payment, described below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you choose to exclude yourself from the settlement by [**insert date**], you will not receive any payment and will not be considered a part of this settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the settlement. |

**For more information about the settlement, please visit the website: [insert website address].**

**AVISO IMPORTANTE A MIEMBROS POTENCIALES DEL COLLECTIVO –
Para español, comuníquese con el administrador al _____.**

EXHIBIT 1

| 1. | **What is this litigation about?** |
|---|---|

Plaintiff Dominic Oliveira filed a lawsuit in United States District Court for the District of Massachusetts on March 4, 2015 on behalf of himself and other similarly situated trainees and drivers for Prime in a case entitled *Oliveira v. New Prime, Inc.*, Case No. 1:15-CV-10603. This lawsuit alleged violations of the FLSA and state wage and hour laws. Specifically, the lawsuit alleged that Prime failed to properly pay trainees during orientation at Prime, and that Prime's pay practices with respect to employee drivers and independent contractors violated federal and state wage and hour laws. Plaintiff Rocky Haworth filed a lawsuit in the United States District Court for the Western District of Missouri on January 22, 2019 on behalf of himself and other similarly situated B and C seat drivers employed at Prime in a case entitled *Haworth v. New Prime, Inc.*, Case No. 6:190-CV-003025-RK. This lawsuit alleged that Prime's compensation of B and C seat drivers violated the FLSA and Missouri wage laws. Prime denied and continues to deny the allegations in these cases. However, Prime wishes to settle these cases to avoid continued costly and time-consuming litigation.

| 2. | **Who is included in the Settlement Class?** |
|---|---|

The following class and collective action has been certified for settlement purposes: all individuals who have attended training to become truck drivers for Prime and/or have driven for Prime as employee drivers and/or as independent contractor drivers who have leased their trucks through Prime at any time from October 2, 2012, to May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Prime at any time from March 4, 2010, to May 8, 2020 (the "Class Period"), except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, 8:17-00321 (C.D. Cal.).

| 3. | **What are the Benefits and Terms of the Settlement?** |
|---|---|

To settle this case, Prime has agreed to pay a total of up to $28,000,000.00 (the "Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees.

If the Court approves the settlement, you are eligible to receive a portion of the Settlement Fund, after payment of attorneys' fees and costs and Service Awards to the Class Representatives. If the Court approves the settlement and you do nothing, you shall receive a minimum payment of $100.00, less applicable tax withholdings, in exchange for releasing your claims (See Section 6). If the Court approves the settlement and you file a Claim/Consent to Join Form, you will be entitled to receive an additional amount. The parties have endeavored to divide the Settlement Fund in a fair way. The Settlement Fund will be allocated in the following ways:

- ***Orientation Class Fund***: Individual allocations of this fund will be based on the type of training or orientation you attended and the location where you attended it.
- ***B/C Seat Class Fund***: Individual allocations of this fund will be based on: the miles driven in B or C seat status, compared to the gross earnings during that time.
- ***A Seat Class Fund***: Individual allocations of this fund will be based on: the miles driven in A seat status as an employee driver (also known as "company driver"), compared to the gross earnings during that time.
- ***Independent Contractor Class Fund***: Individual allocations of this fund will be based on: the miles driven in A seat status as an independent contractor, compared to 65% of the gross revenues earned during that time.

Additionally, individuals who have already received monies as part of another class action settlement in California against New Prime, Inc. will receive a 50% share from this settlement. Under these formulas, if the settlement is approved by the Court and you join the settlement, you will receive a settlement payment

EXHIBIT 1

no less than the estimated gross amount of **«Settlement_Amount»**.  You may also be eligible to be paid additional amounts from the settlement depending on how many individuals submit forms to participate in the settlement.

One-half of each Settlement Class Member's settlement payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes, and reported on an IRS Form W-2. The remaining one-half of the settlement payment is considered compensation for interest, penalties and liquidated damages, and will not be subject to payroll withholdings, and will be reported on an IRS Form 1099. Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement, including the non-monetary relief provided pursuant to the settlement, which is described below.

In addition to the monetary relief above, as a part of the settlement, if approved, Prime has agreed (1) to release entitlement to and not pursue any collection efforts relating to all monies purportedly owed to Prime by Class Members who either currently or at the time of their departure from Prime were in orientation, a B/C seat position, or an A seat company position; (2) to release entitlement to and not pursue any collection efforts related to all monies purportedly owed to Prime by Class Members who file a Claim/Consent to Join form and who either currently or at the time of their departure from Prime were in an independent contractor driving position (with the exception of certain independent contractors who may have destroyed, damaged or stolen Prime property); (3) to use best efforts to request that the national credit reporting agencies (Experian, Equifax and TranUnion) delete any reporting of drivers' accounts with Prime in connection with any monies released as described above; and (4) upon a driver's request to HireRight, provide a time letter to HireRight with a copy to the requesting driver that any defaults owing to Prime and/or related entities have been rescinded by mutual agreement. For more information about this additional relief and the extent to which it applies to you, please visit [**INSERT WEBSITE**] or contact the Settlement Administrator (contact information in Section 10, below).

## 4.  Who is Class Counsel?

The Court has appointed Hillary Schwab and Rachel Smit of Fair Work, P.C. of Boston, Massachusetts as Class Counsel to represent the Settlement Class and Virginia Stevens Crimmins, and Matthew R. Crimmins of the Crimmins Law Firm LLC of Independence, Missouri, Garrett M. Hodes of the Hodes Law Firm, LLC of Kansas City, Missouri, and Ms. Schwab as Class Counsel to represent members of the Settlement Class relating to claims for unpaid wages while driving as B and/or C seat drivers.  The contact information for Class Counsel is listed below in Section 10.

## 5.  How much are Attorneys' Fees, Expenses and Service Awards to Class Representatives?

Class Counsel pursued these cases on a contingent fee basis and has not received any payment of fees or reimbursement of their out-of-pocket expenses related to litigation or recovery on behalf of the Class. As part of the settlement, subject to approval, Class Counsel will apply for attorneys' fees in an amount not to exceed $9,240,000.00, which is 33% of the Settlement Fund. Additionally, Class Counsel will apply for reimbursement of litigation costs (including the costs of having a Settlement Administrator administer this settlement) in an amount not to exceed $225,000.00.  The payment for attorneys' fees and litigation costs to Class Counsel will be recovered from the Settlement Fund.  Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Counsel will also ask the Court to approve Service Awards to the Class Representatives in an amount not to exceed $50,000.00 to Mr. Oliveira and $25,000.00 to Mr. Haworth.

EXHIBIT 1

**6.   What happens if the Court Approves the Settlement?**

If the Court approves the proposed Settlement, these cases will be dismissed with prejudice on the merits as to all Class Members who do not exclude themselves the settlement. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Prime to the fullest extent allowed by law.  Specifically, Class Members who do not exclude themselves from the Settlement and/or who endorse their respective settlement check(s), will release all federal and state wage and hour claims, contract and quasi-contract claims, and any other claims that relate to unpaid wages or compensation that arose in the course of such Class Member's attending training to become a truck driver for Prime from March 4, 2010 to May 8, 2020 and/or driving for Prime either as an employee driver, and/or as an independent contractor driver who has leased their trucks through Prime, at any time from October 2, 2012 to May 8, 2020 to the fullest extent allowed by law.

Class Members who validly and timely request exclusion from the Settlement will not be entitled to receive money or other relief as part of this settlement and will not release any claims.

**7.   What happens if the Court does not approve the Settlement?**

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

**8.   When is the Fairness Hearing?**

A hearing will be held before the Honorable Patti B. Saris, Chief Judge, in the United States District Court for the District of Massachusetts on [**INSERT DATE**] at 1 Courthouse Way - Suite 2300, Boston, MA 02210. The purpose of the hearing is for the Court to decide whether the proposed settlement is fair, reasonable, and adequate as to the Class and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel and what amount should be awarded as Service Awards to the Class Representatives. The time and date of this hearing may be changed without further notice.  To confirm that the hearing is going forward on the scheduled date and time and/or to inquire about appearing at the hearing by telephone rather than in person, please contact the Settlement Administrator or Class Counsel (contact information in Section 10, below).

**9.   What are my options regarding the Settlement?**

If you are receiving this Notice, you have the following options:

   a.   **Do Nothing:** If you choose to do nothing, you will receive the minimum settlement payment of **$100.00**, and you will release your wage claims against Prime (and its subsidiaries and affiliates) as described herein.

   b.   **Join the Settlement and Receive your Maximum Settlement Share:** If you wish to join the settlement and receive your maximum share, you must return a Claim/Consent to Join Form no later than [**insert date 60 days from mailing**].

You may submit your Form by visiting the Administrator's website at **[insert Administrator's website].** You may also submit your Form to the Administrator via mail, email, or facsimile at the following address: [**Administrator Contact Information**].  If you received this Notice via U.S. Mail, an addressed and postage paid envelope is enclosed for your convenience.  Your signed Form must be submitted electronically or by facsimile or postmarked by **[insert date 60 days]**.

EXHIBIT 1

c.      **Request Exclusion from the Settlement:** If you wish to be excluded from the settlement, you must request exclusion no later than [**insert date 60 days**].  Your request for exclusion from the settlement must contain the following information:  (1) your full name, address, email address, and telephone number; (2) the approximate dates of your relationship with Prime; (3) a statement that you request to be excluded from the settlement and understand that you will not be eligible to recover any monies as part of the settlement; and (4) your signature.  You may submit a request for exclusion by mail, email, or facsimile at the following address: [**Administrator Contact Information**].  **If you exclude yourself from the settlement, you will <u>not</u> receive any monies from the settlement**.

d.      **Object to the Settlement:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the Service Awards for the Class Representatives. If you object and the settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the Litigation, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the settlement and/or to the Class Counsels' request for attorneys' fees and expenses, and/or to the Service Awards for the Class Representatives, you must, on or before [**INSERT 60 days**]: (1) file with the Clerk of the United States District Court for the District of Massachusetts, and (2) serve upon the Settlement Administrator at [**Administrator Contact Information**], a written objection including: (a) your full name, address, email address, and telephone number, (b) the approximate dates of your relationship with Prime, (c) a written statement of all grounds for the objection, (d) copies of any papers, briefs, or other documents upon which the objection is based (if applicable), (e) a statement of whether you intend to appear at the Fairness Hearing, and (f) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. If you object to the settlement but would like to receive the full amount to which you are entitled if your objection is overruled by the Court, then you **must** submit a Claim/Consent to Join Form in addition to your objection no later than [**insert date 60 days from mailing**].  If you submit an objection but do not submit a Claim/Consent to Join Form and your objection is overruled, then you will receive only the minimum payment of $100.00.

| **10. Are there more details available?** |
| --- |

If you have any questions or require additional information, please contact the Administrator at the following contact information:  [**Administrator Contact Information**]

You may also contact the Class Counsel at the following contact information:

Hillary Schwab                    Virginia Stevens Crimmins        Garrett M. Hodes
Rachel Smit                        Matthew Crimmins               Hodes Law Firm, LLC
Fair Work, P.C.                    Crimmins Law Firm LLC          900 Westport Rd., 2nd Floor
192 South Street, Suite 450        214 S. Spring Street             Kansas City, MO 64111
Boston, MA 02111                   Independence, MO 64050          Telephone:  855-635-7890
Telephone:  617-607-3261           Telephone:  855-974-0777         Email:[insert]@hodeslawfirm.com
Email:  [insert]@fairworklaw.com   Email:[insert]@crimminslawfirm.com

**PLEASE DO NOT CONTACT THE COURT CLERK REGARDING THIS MATTER**

EXHIBIT 1

DocuSign Envelope ID: 781E31BC-DA9F-474B-9BB5-9CE4D3A2696F

# Exhibit C

EXHIBIT 1

## <u>CLAIM/CONSENT TO JOIN FORM</u>

I hereby consent to be a party plaintiff seeking unpaid wages against New Prime, Inc., its subsidiaries, affiliates, and any other related entities (collectively "Prime") in this or any other subsequent action. I understand that, by participating in the settlement, I am releasing all state and federal unpaid wage claims, contract and quasi-contract claims, and any other claims related to unpaid wages or compensation that were or could have been brought in *Oliveira v. New Prime, Inc.* and/or *Haworth v. New Prime, Inc.* (i.e., any such claims that arose in the course of my attending training to become a truck driver for Prime and/or driving for Prime either an employee driver and/or or as an independent contractor driver who has leased a truck through Prime at any time from October 2, 2012 to May 8, 2020, and/or any such claims that arose in the course of attending training to become a truck driver for Prime in Missouri from March 4, 2010 to May 8, 2020.

I hereby designate Class Counsel (as identified in Section 4 of the Notice) as my attorneys for all purposes in connection with this case, including the settlement.

Date: _____          _____

Print or Type Name: _____

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**PLEASE CONFIRM THE INFORMATION BELOW (OR UPDATE AS NEEDED) AND PROVIDE ADDITIONAL INFORMATION FOR IDENTIFICATION PURPOSES.
THIS SECTION WILL NOT BE FILED PUBLICLY**

**NAME:** _____

**ADDRESS:** _____

**CITY, STATE, ZIP:** _____

**PHONE: «PHONE »** _____

**EMAIL: «EMAIL »** _____

**DATE OF BIRTH *(OPTIONAL)*:** _____

**LAST 4 DIGITS OF SS# OR TAX ID *(OPTIONAL)*:** _____

*Please contact the Settlement Administrator at [insert phone number and email] if your contact information changes.*

EXHIBIT 1

# Exhibit D

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROCKY L. HAWORTH, on behalf of himself and all other similarly situated persons, | |
| **Plaintiffs,** | **Case No. 6:19-cv-03025-RK** |
| **vs.** | |
| NEW PRIME, INC., | |
| **Defendants.** | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Motion to Transfer (Doc. No. _____) and Memorandum in Support (Doc. No. _____). For the reasons set forth in the motion and memorandum, and upon the good cause shown, it is hereby ORDERED that:

1.    Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Motion to Transfer is GRANTED, and the terms of the Settlement Agreement and Release of Claims ("Settlement Agreement") attached as Exhibit 1 to the Motion (Doc. No. __ ) are preliminarily approved as fair reasonable, and adequate.

2.    Solely for purposes of settlement, a Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), defined as follows:

> All similarly situated current and former "B" or "C" Seat Drivers who worked for New Prime from October 2, 2012 to May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, C.D. Cal. Civil Action No. 8:17-cv-00321.

1

EXHIBIT 1

Excluded from the Class are any Class Members who timely and validly request exclusion from the Class pursuant to the Notice disseminated in accordance with this Order.

3.     The Court provisionally, and only for the purposes of this settlement, finds that:

(a)    the Class Members consist of 26,489 individuals employed by Defendant as B/C seat drivers, and the requirement of numerosity is satisfied;

(b)    the litigation and proposed settlement raise questions of law and fact common to the Class, and these common questions predominate over any questions affecting only individual Class Members;

(c)    the claims of Rocky Haworth (the "Class Representative"), a former B/C seat driver employed by Defendant, are typical of the claims of the Class;

(d)    in assisting with the litigation and negotiating and entering into the proposed settlement, the Class Representative and his counsel have fairly and adequately protected the interests of the Class, and will adequately represent the Class in connection with the proposed settlement; and

(e)    a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4.     Pursuant to Rule 23(c)(1)(B) and (g), the Court appoints the Class Representative and his counsel of record, the Crimmins Law Firm LLC, Hodes Law Firm, LLC, and Fair Work, P.C. to act on behalf of the Class in connection with the proposed settlement.

5.     The Court further approves the Notice attached as Exhibits A through C to the Settlement Agreement for approval for distribution to the B/C Seat Class, and finds that the proposed notice process constitutes the best notice practicable under the circumstances and is in

EXHIBIT 1

full compliance with the requirements of applicable law, including due process under the United States Constitution.

6.     Pursuant to the parties' Settlement Agreement, the Court further finds that this case should be transferred to the United States District Court for the District of Massachusetts and consolidated with the case styled *Oliveira v New Prime, Inc.*, 1:15-cv-10603-PBS (D. Mass.), for the purposes of disseminating Notice, administering the settlement, handling any opt-outs or objectors and conducting a Final Fairness Hearing in accordance with the terms of the Settlement Agreement.  Given that many of the Putative Class Members are members of both the *Haworth* and *Oliveira* matters, transferring this matter for purposes of settlement administration will decrease litigation costs, and further the interests of justice.

7.     If the proposed settlement is not finally approved, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this settlement certification order shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification. Thereafter, this case shall be transferred back to the United States District Court for the Western District of Missouri for further proceedings.

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and Motion to Transfer is **GRANTED**.


Date: _____        _____
                                             Honorable Roseann A. Ketchmark
                                             United States District Court Judge

3

EXHIBIT 1

# Exhibit E

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
DOMINIC OLIVEIRA,                         )
on his own behalf and on behalf of        )
all others similarly situated,            )
                                          )
                    Plaintiffs,           )     Civil Action No. 1:15-cv-10603-PBS
v.                                        )
                                          )
NEW PRIME INC.,                           )
                                          )
                    Defendant.            )
_____        )

## <u>PRELIMINARY SETTLEMENT APPROVAL ORDER</u>

Plaintiffs have filed an assented-to motion for preliminary settlement approval

pursuant to Federal Rule of Civil Procedure 23 and the federal Fair Labor Standards

Act.  In that motion, Plaintiffs request an order preliminarily approving settlement of

the above-captioned action in accordance with the parties' Settlement Agreement,

which sets forth the terms and conditions for a proposed settlement of this matter and

its dismissal with prejudice.

Having reviewed the assented-to motion, the Settlement Agreement, and

conducting a preliminary approval hearing on July ___, 2020, it is hereby ORDERED

that:

1.      For purposes of this settlement only, the following Settlement Class is

preliminarily certified:  All individuals who have attended training to become truck

drivers for Prime and/or have driven for Prime either as employee drivers or as

independent contractor drivers who have leased their trucks through Prime at any time

1

EXHIBIT 1

from October 2, 2012, to May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Defendant New Prime, Inc. at any time from March 4, 2010, to May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, Civil Action No. 8:17-cv-00321 (C.D. Cal.).

2.    For purposes of this settlement only, the Settlement Class is preliminarily certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b), and all Settlement Class Members shall have the right to opt in to the settlement pursuant to 29 U.S.C. § 216(b) and to exclude themselves from the settlement by way of the opt-out procedure set forth in the Notice of Proposed Class Action Settlement, attached to the Settlement Agreement (which is Exhibit 1 to Plaintiffs' motion for preliminary settlement approval) as Exhibits A and B.

3.    This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class and collective action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) the Named Plaintiff's claims are typical of the claims of the Settlement Class; (d) the Named Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    This Court finds that the Settlement Agreement (attached to Plaintiff's motion for preliminary settlement approval as Exhibit 1) is fair, reasonable, and

EXHIBIT 1

adequate, and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 8.

5.      This Court finds that the Notice of Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibits A and B, satisfies the requirements of due process, the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.  The Court approves the form and content of the Notice and Claim Form, attached to the Settlement Agreement as Exhibit C.

6.      The Court approves the distribution formula and claim procedure set forth in the Settlement Agreement and in Plaintiffs' motion for preliminary settlement approval.

7.      The Court acknowledges that the Honorable Roseann A. Ketchmark, in the United States District Court for the Western District of Missouri, in the matter styled *Haworth et al. v. New Prime, Inc.*, Civil Action No. 6:19-cv-03025-RK (W.D. Mo.) certified the B/C Seat Class as an FLSA collective action and appointed Plaintiff Haworth as Class Representative for the B/C Seat Class and the Crimmins Law Firm, LLC, Hodes Law Firm, LLC and Fair Work, P.C. as Class Counsel for the B/C Seat Class pursuant to 29 U.S.C. § 216(b).  The Court further acknowledges that the parties have requested or will request to the presiding judge in *Haworth et al. v. New Prime, Inc.*, Civil Action No. 6:19-cv-03025-RK (W.D. Mo.), that the settlement be preliminarily approved for the B/C Seat Class pursuant to 29 U.S.C. § 216(b) and Rule 23(g) and be transferred from the United States District Court for the Western District of Missouri to this Court and

EXHIBIT 1

DocuSign Envelope ID: 781E31BC-BA9F-474B-8BB5-9EE4D3A2696F

consolidated with this action for purposes of final settlement approval. If *Haworth* is transferred, this Court shall preside over the consolidation of the cases and the final settlement approval of the consolidated cases. If the settlement is finally approved, the Court shall dismiss the consolidated actions with prejudice as part of final settlement approval. If the settlement is not finally approved, the Court shall transfer *Haworth* back to the United States District Court for the Western District of Missouri for further proceedings.

8.      The parties shall provide notice to this Court within seven days of the *Haworth* Court ruling on Plaintiffs' motion for preliminary approval and transfer.

9.      The Court directs the Settlement Administrator to distribute the Notice in the form approved by the Court to Putative Class/Collective Members provided that the settlement is approved in *Haworth* and that case is transferred to this Court and consolidated with this case.

10.     The Final Fairness Hearing shall take place before the Honorable Patti B. Saris on _____, _____, 2020, at __:00 _.m. at the United States District Court, District of Massachusetts, Courtroom 19 (7th Floor), 1 Courthouse Way, Boston, Massachusetts 02210, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether the Action should be dismissed with prejudice on the terms provided for in the Agreement; the amount of fees and costs that should be awarded to Class Counsel; and the amount of the incentive award that should be awarded to Plaintiff, as provided for in the

EXHIBIT 1

Agreement.  The Court will also hear and consider any properly lodged objections at

that time.  If the Final Fairness Hearing is conducted via videoconference, then

information about how to participate in the videoconference hearing shall be available

by contacting the Court.

       ENTERED this _____ day of _____, 2020.


_____
The Honorable Patti B. Saris

EXHIBIT 1

# Exhibit F

EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------

DOMINIC OLIVEIRA,                          )
on his own behalf and on behalf of         )
all others similarly situated,             )
                                           )
                    Plaintiffs,            )     Civil Action No. 1:15-cv-10603-PBS
v.                                         )
                                           )
NEW PRIME INC.,                            )
                                           )
                    Defendant.             )
---------------------------------------------

## <u>FINAL SETTLEMENT APPROVAL ORDER AND JUDGMENT</u>

Plaintiffs have filed a motion for final settlement approval pursuant to Federal

Rule of Civil Procedure 23 and the federal Fair Labor Standards Act.  In that motion,

Plaintiffs request an order finally approving settlement of the above-captioned action in

accordance with the parties' settlement agreement, which sets forth the terms and

conditions for a proposed settlement of this matter and its dismissal with prejudice.

Having reviewed the motion, the settlement agreement, and conducting a final

settlement approval hearing on _____, 2020, it is hereby ORDERED that:

1.       This Order applies to the consolidated actions of *Oliveira v. New Prime,*

*Inc.*, Civil Action No. 1:15-cv-10603-PBS (D. Mass.), and *Haworth et al. v. New Prime, Inc.,*

Civil Action No. 6:19-cv-03025-RK (W.D. Mo.), which was transferred to this Court from

the United States District Court for the Western District of Missouri.

2.       This settlement is fair, reasonable, and adequate and the Court grants

Plaintiffs' motion for final settlement approval.

1

EXHIBIT 1

3.     The following Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b):  All individuals who have attended training to become truck drivers for Prime and/or have driven for Prime either as employee drivers or as independent contractor drivers who have leased their trucks through Prime at any time from October 2, 2012, to May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Defendant New Prime, Inc. at any time from March 4, 2010, to May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, Civil Action No. 8:17-cv-00321 (C.D. Cal.).

4.     This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

5.     The Court grants Class Counsel's petition for attorneys' fees and costs and approves the amounts for fees and costs set forth in Plaintiffs' motion for final settlement approval.  The Court further approves $50,000.00 as an incentive award to Plaintiff Dominic Oliveira and $25,000.00 as an incentive award to Plaintiff Rocky Haworth.  These amounts shall be paid out of the settlement fund, as set forth in the parties' Settlement Agreement.

6.     The Court approves the proposed distribution of settlement funds as set forth in Plaintiffs' motion for final settlement approval and the spreadsheet attached thereto.

EXHIBIT 1

7.      The Court orders that the payments be made in this matter pursuant to the timetable established in the parties' Settlement Agreement.

8.      Judgment is to be entered pursuant to Federal Rule of Civil Procedure 54(b) and 29 U.S.C. § 216(b) *et seq.*, and the Court dismisses with prejudice all claims released as part of this settlement.

9.      The parties' Settlement Agreement is binding on Defendant, the Class Representatives, and all Participating Class Members who have not excluded themselves from the settlement.

10.     The claims of Putative Class/Collective Members who have properly and timely excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement are dismissed without prejudice.

11.     Without affecting the finality of this Final Settlement Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Settlement Agreement and to construe, enforce, and administer the Settlement Agreement and this settlement.  Class Counsel will continue in their role to oversee all aspects of the Settlement Agreement and settlement, consistent with the terms of the Settlement Agreement.


ENTERED this _____ day of _____, 2020.


_____
The Honorable Patti B. Saris

EXHIBIT 1