IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINIC OLIVEIRA,<br>on his own behalf and on behalf of<br>all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>NEW PRIME INC.,<br><br>    Defendant. | Civil Action No. 1:15-cv-10603-PBS |

**PRELIMINARY SETTLEMENT APPROVAL ORDER**

  Plaintiffs have filed an assented-to motion for preliminary settlement approval pursuant to Federal Rule of Civil Procedure 23 and the federal Fair Labor Standards Act. In that motion, Plaintiffs request an order preliminarily approving settlement of the above-captioned action in accordance with the parties' Settlement Agreement, which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

  Having reviewed the assented-to motion, the Settlement Agreement, and conducting a preliminary approval hearing on July 23, 2020, it is hereby ORDERED that:

  1. For purposes of this settlement only, the following Settlement Class is preliminarily certified: All individuals who have attended training to become truck drivers for Prime and/or have driven for Prime either as employee drivers or as independent contractor drivers who have leased their trucks through Prime at any time

from October 2, 2012, to May 8, 2020, and all individuals who have otherwise attended training in Missouri to become truck drivers for Defendant New Prime, Inc. at any time from March 4, 2010, to May 8, 2020, except for the named plaintiffs in *Montgomery v. New Prime, Inc.*, Civil Action No. 8:17-cv-00321 (C.D. Cal.).

2.  For purposes of this settlement only, the Settlement Class is preliminarily certified pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b), and all Settlement Class Members shall have the right to opt in to the settlement pursuant to 29 U.S.C. § 216(b) and to exclude themselves from the settlement by way of the opt-out procedure set forth in the Notice of Proposed Class Action Settlement, attached to the Settlement Agreement (which is Exhibit 1 to Plaintiffs' motion for preliminary settlement approval) as Exhibits A and B.

3.  This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class and collective action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) the Named Plaintiff's claims are typical of the claims of the Settlement Class; (d) the Named Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.  This Court finds that the Settlement Agreement (attached to Plaintiff's motion for preliminary settlement approval as Exhibit 1) is fair, reasonable, and

adequate, and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 8.

5. This Court finds that the Notice of Proposed Class Action Settlement, attached to the Settlement Agreement as Exhibits A and B, satisfies the requirements of due process, the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court approves the form and content of the Notice and Claim Form, attached to the Settlement Agreement as Exhibit C.

6. The Court approves the distribution formula and claim procedure set forth in the Settlement Agreement and in Plaintiffs' motion for preliminary settlement approval.

7. The Court acknowledges that the Honorable Roseann A. Ketchmark, in the United States District Court for the Western District of Missouri, in the matter styled *Haworth et al. v. New Prime, Inc.*, Civil Action No. 6:19-cv-03025-RK (W.D. Mo.) certified the B/C Seat Class as an FLSA collective action and appointed Plaintiff Haworth as Class Representative for the B/C Seat Class and the Crimmins Law Firm, LLC, Hodes Law Firm, LLC and Fair Work, P.C. as Class Counsel for the B/C Seat Class pursuant to 29 U.S.C. § 216(b). The Court further acknowledges that the parties have requested or will request to the presiding judge in *Haworth et al. v. New Prime, Inc.*, Civil Action No. 6:19-cv-03025-RK (W.D. Mo.), that the settlement be preliminarily approved for the B/C Seat Class pursuant to 29 U.S.C. § 216(b) and Rule 23(g) and be transferred from the United States District Court for the Western District of Missouri to this Court and

consolidated with this action for purposes of final settement approval. If *Haworth* is transferred, this Court shall preside over the consolidation of the cases and the final settlement approval of the consolidated cases. If the settlement is finally approved, the Court shall dismiss the consolidated actions with prejudice as part of final settlement approval. If the settlement is not finally approved, the Court shall transfer *Haworth* back to the United States District Court for the Western District of Missouri for further proceedings.

8. The parties shall provide notice to this Court within seven days of the *Haworth* Court ruling on Plaintiffs' motion for preliminary approval and transfer.

9. The Court directs the Settlement Administrator to distribute the Notice in the form approved by the Court to Putative Class/Collective Members provided that the settlement is approved in *Haworth* and that case is transferred to this Court and consolidated with this case.

10. The Final Fairness Hearing shall take place before the Honorable Patti B. Saris on Wednesday, January 13, 2021, at 2:30 p.m. at the United States District Court, District of Massachusetts, Courtroom 19 (7th Floor), 1 Courthouse Way, Boston, Massachusetts 02210, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether the Action should be dismissed with prejudice on the terms provided for in the Agreement; the amount of fees and costs that should be awarded to Class Counsel; and the amount of the incentive award that should be awarded to Plaintiff, as provided for in the

Agreement.  The Court will also hear and consider any properly lodged objections at that time.  If the Final Fairness Hearing is conducted via videoconference, then information about how to participate in the videoconference hearing shall be available by contacting the Court.

    ENTERED this 23rd day of July, 2020.

/s/ PATTI B. SARIS
The Honorable Patti B. Saris
United States District Judge